On reconsideration of denial of respondent's motion
to dismiss appeal filed July 3, 1978, appeal dismissed April 30,
reconsideration denied June 5, petition for review pending

ARNOLD HARRIS, *Petitioner,*

*v.*

BOARD OF PAROLE, *Respondent.*

(No. 315335, CA 11130)

593 P2d 1292

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem, appeared for the motion.

Gene B. Mechanic, Prisoners' Legal Services of Oregon, Salem, appeared contra.

JOSEPH, J.

## JOSEPH, J.

Petitioner seeks judicial review of an order setting the initial date of his release on parole. *See* ORS 144.120. Respondent moved to dismiss the appeal on the ground that this court has no jurisdiction. We initially denied the motion without opinion. We have reconsidered the matter, and we allow the motion.

Petitioner recognizes that the jurisdiction of this court is established solely by statute. *State v. Cooper*, 37 Or App 443, 587 P2d 1051 (1978). He argues that we have jurisdiction under ORS 144.335(1):

> "When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order."

In *Sterling v. Bd. of Parole*, 16 Or App 481, 519 P2d 1047, *rev den* (1974), we concluded that ORS 144.335(1) granted this court jurisdiction only to review orders terminating or revoking parole and orders reinstating parole on the same conditions or granting parole after revocation on modified or different conditions. We dismissed an appeal from an order which simply postponed the holding of a parole hearing for an inmate who had not previously been granted parole.

In 1977 the legislature made substantial changes in the statutory provisions governing sentencing and parole. Or Laws 1977, ch 372. ORS 144.335(1) was not altered, nor was any additional provision made for appeal of Board orders. The legislature is presumed to have been aware of the decisional law relevant to the matters it was considering, including the *Sterling* case. *State v. Waterhouse*, 209 Or 424, 307 P2d 327 (1957). We find nothing in the legislative history which would override that presumption.

Nevertheless, petitioner argues that ORS 144.335(1) should be considered to have been amended

[915]

by implication to authorize an appeal to this court from an order setting the initial release date. The doctrine of amendment by implication is not favored in the law. *Balzer Machinery Co. v. Klineline Sand & Gravel Co.*, 271 Or 596, 533 P2d 321 (1975). It requires a showing of repugnancy between the new legislation and the older, unaltered provision. *See State v. McIntire*, 22 Or App 161, 537 P2d 1151, 22 Or App 611, 540 P2d 399, *rev den* (1975). We find nothing in the scheme of the 1977 legislation, as amplified by the relevant legislative history, which persuades us that the legislature must have intended, despite *Sterling*, to authorize an appeal from a Board order setting an initial release date.

The fact that Oregon Laws 1977, chapter 372, section 9 (codified as ORS 144.135) requires that "[t]he board shall state in writing the detailed bases of its decisions under ORS 144.110 to 144.125" does not establish that judicial review of an order setting the initial release date was intended. Such statements serve functions other than facilitating judicial review. For example, they help insure consistent decision-making by the Board, and they demonstrate to inmates that their cases have received full and fair consideration.

We also do not consider the provision for an appeal

"*** from a judgment on a conviction in a district or circuit court, including a judgment where the court imposes a sentence which is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense ***" (ORS 138.040; *see State v. Dinkel*, 34 Or App 375, 579 P2d 245, *rev den* (1979))

evidence of an intent to authorize appeals from orders of the Board setting an initial release date.

Appeal dismissed.