Argued May 31, affirmed June 25, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# GARY VERN GRAY, *Appellant.*
## (No. J-038677, CA 13285)

596 P2d 611

Miriam Haverstock Whitney, Tigard, argued the cause for appellant. On the brief was Patrick J. Furrer, Tigard.

James M. Brown, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, Thornton, Buttler, Joseph, Judges, and Peterson, Judge Pro Tempore.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals from the judgment on his conviction of driving under the influence of intoxicants (DUII). ORS 487.540.[1] He raises two assignments of error, both based on the contention that evidence from which the jury might infer that he was under the influence of cocaine was not admissible, because prior to the alleged criminal conduct the former provisions of ORS chapters 474 and 475 defining "dangerous" and "narcotic" drugs—cocaine was included in the latter category —had been repealed and had been replaced with provisions relating to "controlled substances."[2]

Defendant was stopped for running a red light. There was one passenger in the car. An officer detected alcohol on defendant's breath, and defendant admitted that he had earlier had a beer. The officer asked defendant to perform several field sobriety tests and afterward placed him under arrest for DUII.

---

[1] ORS 487.540 (Or Laws 1975, ch 451 § 87):

"(1)  A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a)  He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b)  He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c)  He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

"(2)  Driving while under the influence of intoxicants is a Class A traffic infraction."

[2] Prior to July 1, 1978, when the Uniform Controlled Substances Act (ORS 475.005 *et seq.*) became effective as provided by Oregon Laws 1977, chapter 745, § 54, ORS 474.010(20) defined "narcotic drugs" as

"coca leaves, opium, marijuana and every other substance neither chemically nor physically distinguishable from them; or other drugs to which federal narcotic laws may now or hereafter apply; or any drug found by the State Board of Pharmacy, after reasonable notice and opportunity for hearing, to have addiction-forming or addiction-sustaining liability similar to morphine or cocaine, from the publication of such finding. ***."

ORS 474.010(11) defined "coca leaves" to include cocaine. ORS 475.010(1) defined "dangerous drug."

Officers searched the car and found two open bottles of beer. They also found a leather pouch containing, among other items, a piece of etched glass and a small packet of a substance later identified as cocaine.

Defendant was taken to the police station, where he was asked to perform more sobriety tests —his performance of which, according to one officer, "wasn't too bad"—and was given a breathalyzer test. His blood alcohol reading was .04 percent.

Prior to trial defendant moved to limit the state's evidence to the beer. The trial court ruled that the fact cocaine was found in the car would be admissible if the state produced some evidence indicating that defendant was under the influence of cocaine. The evidence concerning the cocaine was admitted at trial without objection. At the close of the case the court instructed the jury in the terms of ORS 487.540(1)(b) that

> "a person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while he is under the influence of intoxicating liquor, a dangerous drug, or a narcotic drug ***."

The thrust of defendant's argument under both assignments of error is the same: The repeal of the statutory provision defining cocaine as a "narcotic" drug rendered inadmissible evidence that defendant was driving under the influence of cocaine, at least where there was no evidence introduced to prove that cocaine was in fact "narcotic" or "dangerous." We do not agree.

■ When the legislature used the terms "dangerous drug" and "narcotic drug" in ORS 487.540, it in effect incorporated in that statute the definitions of those terms appearing in former ORS 475.010(1) and 474.010(20). When the legislature incorporates in one statute matter contained in another, a subsequent repeal of the statute containing the incorporated matter does not necessarily affect the statute in which it has been incorporated. *State ex rel. v. Dobson,* 169 Or 546, 130 P2d 939 (1942); *see generally,* Annotation,

168 ALR 627 (1947). The question is one of legislative intent. A generally accepted corollary is that in the absence of evidence of a contrary intent, the legislature will be presumed to have intended the repeal not to affect the statute in which the matter is incorporated. *See State ex rel. v. Dobson, supra.*

■ ■ It seems clear in this instance that the legislature was simply not aware that its repeal of the provisions regarding "dangerous" and "narcotic" drugs might be taken to affect ORS 487.540. No mention of the latter statute was made in the law which effected both the repeal of those provisions and the substitution of the Uniform Controlled Substances Act. Nothing in that law, however, suggests that had the problem been brought to its attention, the legislature would have wanted to eliminate from prosecutions under ORS 487.540 evidence that the defendant had been driving under the influence of cocaine or to require the state in each case to put on evidence to establish that cocaine is a "narcotic" or "dangerous" drug.

On the contrary, we think the interpretation urged by defendant is unreasonable. That interpretation is also inconsistent with the principle that we construe related statutes to give the fullest effect possible to all. *Kankkonen v. Hendrickson,* 232 Or 49, 374 P2d 393, 99 ALR2d 296 (1962); *State v. Teters,* 23 Or App 571, 543 P2d 302 (1975), *rev den* (1976). *See also Balzer Machinery Co. v. Klineline Sand & Gravel Co.,* 271 Or 596, 533 P2d 321 (1975) and *Harris v. Board of Parole,* 39 Or App 913, 593 P2d 1292 (1979), holding that amendment by implication is not favored. Those considerations lead us to conclude that the court committed no error.

Affirmed.