Submitted on record and briefs September 30, 1982, petition dismissed June 8, 1983

## RODERICK R. ADDICKS,
*Petitioner,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent.*

(Inst. 37945; CA A23682)

663 P2d 1310

Terry Ann Pressler, Salem, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks judicial review of the December 17, 1981, order of the Board of Parole which denied parole and set a new hearing date for December, 1984. Because, as explained below, the order is not a "final order" within the meaning of ORS 144.335, it is not subject to judicial review. Accordingly, we dismiss the petition.

Petitioner was convicted and sentenced prior to 1977; therefore, under OAR 255-30-002, he has the choice of having the Parole Board consider his parole under the discretionary criteria in use prior to that date as set forth in former ORS 144.175 and 144.180,[1] or under the more formal system established in 1977 providing for the development, adoption and

---

[1] Former ORS 144.175 (*repealed by* Or Laws 1977, ch 372 § 18) provided:

"Whenever the State Board of Parole considers the release of a prisoner who, by its rules or order, is eligible for release on parole, it shall be the policy of the board to order his release, *unless the board is of the opinion that his release should be deferred or denied because:*

"(1) There is a reasonable probability that the inmate will not, after parole, remain outside the institution without violating the law and that his release is incompatible with the welfare of society;

"(2) There is substantial risk that he will not conform to the conditions of parole;

"(3) His release at that time would depreciate the seriousness of his crime or promote disrespect for law;

"(4) His release would have a substantially adverse effect on institutional discipline; or

"(5) His continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance his capacity to lead a law-abiding life when released at a later date."

Former ORS 144.180 (*repealed by* Or Laws 1977, ch 372 § 18) provided:

"In making its determination regarding a prisoner's release on parole, the State Board of Parole may take into account each of the following factors:

"(1) The prisoner's personality, including his maturity, stability, sense of responsibility and any apparent development in his personality which may promote or hinder his conformity to law;

"(2) The adequacy of the prisoner's parole plan;

"(3) The prisoner's ability and readiness to assume obligations and undertake responsibilities;

"(4) The prisoner's intelligence and training;

application of a matrix system. ORS 144.780, 144.785. Under the pre-1977 discretionary system, an inmate was given a parole hearing date, but no firm date for release was set, and the hearing date could be changed at the Board's discretion. As pointed out in *Bailleaux v. Cupp,* 16 Or App 573, 520 P2d 483, *rev den* (1974), the parole-granting process continued until the inmate was actually released on parole. Under the present matrix system, a firm release date is established, using the ranges of duration of imprisonment determined under the matrix system. The effect of the new system is to set prison terms, although circumstances may arise after the setting of the release date that can result in a change. Petitioner elected in writing to have his parole considered under the pre-1977 discretionary system.[2]

In *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602, *rev den* 290 Or 157 (1980), we held that Board of Parole

---

"(5) The prisoner's family status and whether he has relatives who display an interest in him, or whether he has other close and constructive associations in the community;

"(6) The prisoner's employment history, his occupational skills, and the stability of his past employment;

"(7) The type of residence, neighborhood or community in which the prisoner plans to live;

"(8) The prisoner's past use of narcotics or dangerous drugs, or past habitual and excessive use of alcoholic liquor;

"(9) The prisoner's mental or physical makeup, including any disability or handicap which may affect his conformity to law;

"(10) The prisoner's prior criminal record, including the nature and circumstances, recency, frequency and type of previous offenses;

"(11) The prisoner's attitude toward law and authority;

"(12) The prisoner's conduct in the institution, including particularly whether he has taken advantage of the opportunities for self-improvement afforded by the institutional program, whether he has been disciplined for misconduct prior to his hearing or reconsideration for parole release, whether he has forfeited any reductions of term during his period of imprisonment, and whether the reductions have been restored at the time of hearing or reconsideration; and

"(13) The prisoner's conduct and attitude during any previous experience of probation or parole and when the experience occurred."

[2] Petitioner's apparent purpose in making the election was to require the Board to adopt rules interpreting the criteria set forth in former ORS 144.175, to make findings supported by substantial evidence in the record and to state a rationale for its conclusion based on those findings. He contends that the Board's failure to fulfill those requirements mandates a reversal of the order here.

orders that set firm release dates are final orders within the meaning of ORS 144.335 and therefore are subject to judicial review. It is clear from what we said in *Harris* that any order of the Board which does not fix a release date, revoke parole or discharge a person from parole is not a final order subject to judicial review. The order here does not do any of those things. Accordingly, it is not a final order within the meaning of ORS 144.175 and is not subject to review in this court.

Petition dismissed.