Argued and submitted September 10, petition for review and cause dismissed as moot
October 29, 1985

## STATE OF OREGON,
*Petitioner on review,*

*v.*

## HENRY LEE NEIDENBACH,
*Respondent on review.*

(CC 82-469-C-2; CA A32517; SC S31835)

708 P2d 355

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ronald K. Cue, Ashland, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

Defendant appealed the revocation of his probation and the imposition of a prison sentence. We allowed review to decide whether the exclusionary rule applies to probation revocation hearings. However, we cannot reach this issue because this matter is moot.

Defendant was convicted of third degree assault in 1982 and was placed on two years' probation. While on probation, he was charged with manufacturing and possessing a controlled substance. The trial court suppressed the evidence against defendant in the drug cases because it was obtained through an unconstitutional search. The state did not appeal. The drug charges were ultimately dismissed.

In the probation revocation hearing, the trial court received the suppressed evidence over defendant's objection that the court should exclude it because it was illegally obtained. The court revoked defendant's probation and sentenced him to five years' imprisonment with a two-and-one-half year minimum term. Prior to this sentence being imposed, the defendant told the presentence investigation report writer that he did not want any probation. Nevertheless, the probation officer recommended to the court to continue the defendant on probation for another three years on the condition that he serve one year in the county jail. The defense attorney at sentencing told the court that his client desired to be sentenced to the Oregon State Penitentiary, to serve his time there and to be done with the criminal justice system after serving his parole. The court decided to revoke probation and on June 20, 1984, sentenced the defendant to the custody of the Corrections Division. The two-and-one-half year minimum term was unanimously overridden by the Parole Board in accordance with ORS 144.110(2)(a). The defendant was paroled on February 21, 1985, and discharged from parole on August 21, 1985. Any reversal or remand to the trial court, if warranted, would be futile.

The petition for review and this matter are dismissed as moot.