Argued and submitted January 25, affirmed July 13, reconsideration denied
September 9, petition for review denied September 29, 1988 (306 Or 661)

# RODERICK R. ADDICKS,
*Petitioner,*

*v.*

# OREGON BOARD OF PAROLE,
*Respondent.*

(37943, 37945; CA A43863, A44498)
(Cases Consolidated)

758 P2d 357

Michael E. Swaim, Salem, argued the cause for petitioner. With him on the brief was Swaim, Betterton & Eder, P.C., Salem.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer,

Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of Parole Board orders rescinding a release date and setting a parole hearing date. The cases are consolidated on review. We affirm in both.

Petitioner is serving a life sentence on convictions for murder, arson and theft. He was sentenced in 1975. The legislature adopted the so-called matrix system in 1977. He had the option under OAR 255-30-002 to have the Board consider his parole under the discretionary criteria in *former* ORS 144.175[1] and *former* ORS 144.180[2] or under the matrix system. In 1981,

---

[1] *Former* ORS 144.175, *repealed by* Or Laws 1977, ch 372, § 18, provided:

"Whenever the State Board of Parole considers the release of a prisoner who, by its rules or order, is eligible for release on parole, it shall be the policy of the board to order his release, unless the board is of the opinion that his release should be deferred or denied because:

"(1) There is a reasonable probability that the inmate will not, after parole, remain outside the institution without violating the law and that his release is incompatible with the welfare of society;

"(2) There is substantial risk that he will not conform to the conditions of parole;

"(3) His release at that time would depreciate the seriousness of his crime or promote disrespect for law;

"(4) His release would have a substantially adverse effect on institutional discipline; or

"(5) His continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance his capacity to lead a law-abiding life when released at a later date."

[2] *Former* ORS 144.180, *repealed by* Or Laws 1977, ch 372, § 18, provided:

"In making its determination regarding a prisoner's release on parole, the State Board of Parole may take into account each of the following factors:

"(1)  The prisoner's personality, including his maturity, stability, sense of responsibility and any apparent development in his personality which may promote or hinder his conformity to law;

"(2)  The adequacy of the prisoner's parole plan;

"(3)  The prisoner's ability and readiness to assume obligations and undertake responsibilities;

"(4)  The prisoner's intelligence and training;

"(5)  The prisoner's family status and whether he has relatives who display an interest in him, or whether he has other close and constructive associations in the community;

"(6)  The prisoner's employment history, his occupational skills, and the stability of his past employment;

"(7)  The type of residence, neighborhood or community in which the prisoner plans to live;

"(8)  The prisoner's past use of narcotics or dangerous drugs, or past

he chose to remain under the discretionary system. *See Addicks v. Board of Parole,* 63 Or App 409, 411, 663 P2d 1310 (1983).

On February 27, 1986, the Board met to consider petitioner's parole, but the hearing was continued for lack of a quorum. The order noted that petitioner had chosen to remain under the discretionary system. On September 29, 1986, the Board reconvened with four of the five members present and set a parole release date of March 16, 1987, which suggests that it intended to act under the matrix. The Board, however, made none of the necessary findings required for applying the matrix. Later, the Board's fifth member reviewed the record and voted against setting a parole date, recommending instead that the hearing be continued, because the "[i]nmate [is] still under the discretionary system and can only have a parole hearing date on 3/16/87." Nonetheless, the Board issued an order on November 26, 1986, setting a release date of March 16, 1987. On February 19, 1987, the Board rescinded that release date, having concluded that it had erred by "applying the wrong legal standard in setting the parole release date because the inmate is a discretionary case and should have been considered under the provisions of [*former*] ORS 144.175."

At the subsequent hearing, the Board again asked petitioner to choose between the discretionary and the matrix systems. He first chose the matrix system, because he thought that the Board could not rescind its 1986 order setting the parole release date. The Board then told him that, if he chose

habitual and excessive use of alcoholic liquor;

"(9) The prisoner's mental or physical makeup, including any disability or handicap which may affect his conformity to law;

"(10) The prisoner's prior criminal record, including the nature and circumstances, recency, frequency and type of previous offenses;

"(11) The prisoner's attitude toward law and authority;

"(12) The prisoner's conduct in the institution, including particularly whether he has taken advantage of the opportunities for self-improvement afforded by the institutional program, whether he has been disciplined for misconduct prior to his hearing or reconsideration for parole release, whether he has forfeited any reductions of term during his period of imprisonment, and whether the reductions have been restored at the time of hearing or reconsideration; and

"(13) The prisoner's conduct and attitude during any previous experience of probation or parole and when the experience occurred."

the matrix system, the hearing would have to be reset and that the matrix choice would be irrevocable. He then chose to remain under the discretionary system and to continue with the hearing. The Board set a parole hearing date for April 21, 1989. Petitioner argues that the Board erred in rescinding his 1987 parole release date, because the fact that he was given a parole date means that he was under the matrix system. He contends that his acceptance of that release date order demonstrated his intent to be considered under the matrix.

■ Before it can set a matrix release date, the Board must make findings regarding an inmate's crime severity rating, history/risk score, guideline range and aggravation/mitigation factors. OAR 255-35-013. The Board made no findings in its November 26, 1986, order. Thus, even if it intended to evaluate petitioner under the matrix system, it did not follow the proper procedure. It had the duty to do its work properly, and that included an obligation to apply the discretionary criteria, unless petitioner had expressly exercised the other choice. The Board correctly rescinded its 1986 order. OAR 255-35-013; OAR 255-80-010(1) and (3).

■ Petitioner contends next that, even if he was evaluated under the discretionary system, the Board should have set a firm release date. He is wrong. *See Addicks v. Board of Parole, supra,* 63 Or App at 412.

■ In his third assignment of error, petitioner contends that the February 19, 1987, rescission order is invalid, because only four members of the Board voted. The term "full membership of the Board" means "all voting members of the Board holding office and not disqualified from voting." *Larson v. State Board of Parole,* 91 Or App 642, 756 P2d 674 (1988). Four members of the Board were present; one position was vacant. All the voting members holding office at the time voted to rescind the order; accordingly, the order is valid.

The last assignment is without merit, and we decline to discuss it.

Affirmed.