On petition for review filed September 13, 1988, petition for review allowed, the decision of the Court of Appeals reversed and remanded to the Court of Appeals for decision on the merits March 14, 1989

## THOMAS NICHOLAS MERIWEATHER,
*Petitioner on Review,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent on Review.*

(CA A44925; SC S35548)

770 P2d 593

Gary D. Babcock, Public Defender of Oregon, Salem, and Lawrence J. Hall, Deputy Public Defender, Salem, for petitioner on review.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, for respondent on review.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette, and Fadeley, Justices.

## MEMORANDUM OPINION

Petitioner, a sentenced dangerous offender, sought judicial review of an order of the Board of Parole setting a "parole consideration hearing date." ORS 144.228. *Cf.* ORS 144.120 (procedure for "initial parole release date"). The parole consideration hearing date is statutorily prescribed as "the earliest time the prisoner is eligible for parole under the board's rules." ORS 144.228(1)(a).

The Court of Appeals, relying on ORS 144.335,[1] concluded that the order for which review was sought was not a "final order" within the meaning of the statute and, as such, was not subject to review. The court stated that it lacked jurisdiction and dismissed the petition. *Meriweather v. Board of Parole,* 92 Or App 705, 759 P2d 1141 (1988).

Because petitioner has been found to be a dangerous offender, the order of the Board does not set an initial parole *release* date, but sets a parole *consideration* hearing date. ORS 144.228; OAR 255-38-005(1). The parole consideration hearing date is the date upon which the prisoner would otherwise be set for parole release were the prisoner not a dangerous offender. OAR 255-38-005(3); *see* ORS 144.228(1)(b); *State v. Huntley,* 302 Or 418, 437, 730 P2d 1234 (1986).

In reaching its decision in this case, the Court of Appeals relied upon *Addicks v. Board of Parole,* 63 Or App 409,

---

[1] ORS 144.335 provides:

"(1) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order.

"(2) The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. The board shall submit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the board.

"(3) The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8). The filing of the petition shall not stay the board's order, but the board may do so, or the court may order a stay upon application on such terms as it deems proper.

"(4) In the case of disputed allegations of irregularities in procedure before the board not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a master appointed by the court to take evidence and make findings of fact upon them."

663 P2d 1310 (1983), in which earlier case, under a different procedure (the pre-1977 discretionary parole system), the Board had denied parole and set a new hearing date. In *Addicks,* the Court of Appeals concluded that "any order of the Board which does not fix a release date * * * is not a final order subject to judicial review." *Addicks v. Board of Parole, supra,* 63 Or App at 413. In turn, the *Addicks* decision relied upon the third in a series of appellate court decisions entitled *Harris v. Board of Parole,* 39 Or App 913, 593 P2d 1292 (1979), *rev'd,* 288 Or 495, 605 P2d 1181, *on remand,* 47 Or App 289, 614 P2d 602 (1980). The transmutation of the rule of law, from our *Harris* case to this case, appears not to have the flawless execution of a "Tinker to Evers to Chance" double play.[2] Thus, we return to our decision in *Harris.*

As noted in our decision, "[i]t may well be that not all orders by the Board of Parole relating to the granting of parole are final orders, so as to be subject to judicial review." *Harris v. Board of Parole, supra,* 288 Or at 504. But some orders relating to the granting of parole are reviewable, insofar as the order "determines the actual duration of imprisonment." *Id.* at 503. As was noted, the date set in this case was the earliest date upon which petitioner will be eligible for parole. ORS 144.228(1)(a); OAR 255-38-005(3).[3]

Subject to reconsideration of the Board, this date determines the minimum time petitioner will be incarcerated; it could be longer, but not shorter. The order thus effectively determines the minimum time to be served by petitioner and, to that extent, the minimum "duration of imprisonment."

We conclude that a Board order setting a parole consideration hearing date is a final order related to the granting of parole. The Court of Appeals erroneously determined that it did not have jurisdiction.

---

[2] Joe Tinker, shortstop, Johnny Evers, second baseman, and Frank Chance, first baseman, were renowned baseball players for the Chicago Cubs shortly after the turn of the century.

[3] It appears that the Board follows the same procedure for setting a parole consideration date as for parole release date: Determining the prisoner's history/risk assessment score, the crime severity rating, and the matrix range. *See* ORS 144.228(1)(b) and OAR 255-38-005(2).

The petition for review is allowed. The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for a decision upon the merits.