Argued and submitted March 27, petition for judicial review dismissed August 8, reconsideration denied October 10, petition for review denied November 6, 1990

(310 Or 547)

MICHAEL EDWARD WILLABY,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A61908)

797 P2d 1050

Gary D. Babcock, Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

EDMONDS, J.

Graber, P. J. pro tempore, dissenting.

**EDMONDS, J.**

Petitioner seeks review of an order of the Board of Parole. He was sentenced as a dangerous offender. In November, 1986, the Board set his parole consideration hearing date at 108 months from the date that he was committed to the custody of the Corrections Division. ORS 144.228(1)(a); OAR 255-38-005(1)-(3).[1] At his request, the Board granted him an earlier parole consideration hearing, under ORS 144.228(1)(c) and OAR 255-38-005(9) and (10).[2] At that hearing, in July, 1989, the Board found that the condition that made petitioner dangerous was not absent or in remission.

---

[1] ORS 144.228(1)(a) provides:

"Within six months after commitment to the custody of the Department of Corrections of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole and Post-Prison Supervision shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.120 and 144.125. The parole consideration hearing date shall be the earliest time the prisoner is eligible for parole under the board's rules."

OAR 255-38-005 provides, in pertinent part:

"(1) Notwithstanding the provisions of Division 60, the Board shall set a date for a parole consideration hearing instead of an initial release date for a person sentenced under ORS 161.725 and 161.735 as a dangerous offender.

"(2) The Board shall set a date for a parole consideration hearing pursuant to the provisions of Division 35, within six (6) months after commitment to the custody of the Department of Corrections.

"(3) The date set for parole consideration shall be at the date upon which the prisoner would otherwise be set for parole release."

Our references to OAR 255-38-005 are to the rule as amended in 1988. The rule was further amended, effective 1989.

[2] ORS 144.228(1)(c) provides:

"Nothing in this section shall preclude a prisoner from submitting a request for a parole consideration hearing prior to the earliest time the prisoner is eligible for parole or a two-year review. Should the board find, based upon the request, that there is a reasonable cause to believe that the dangerous condition is in remission based upon the information provided in the request, it shall conduct a review as soon as is reasonably convenient."

OAR 255-38-005 provides, in pertinent part:

"(9) Notwithstanding the above, a prisoner sentenced as a dangerous offender under ORS 161.725 and 161.735 may, if the prisoner believes that he is no longer dangerous, request a parole consideration hearing prior to the earliest time the prisoner is eligible for parole or a two year review.

"(10) The Board shall review the request pursuant to section (9) of this rule by administrative file pass. Should the Board find, based upon the request and the information therein, there is a reasonable cause to believe the dangerous condition is in remission, the Board shall conduct a review as soon as reasonably convenient."

Therefore, it did not set a parole release date or make any change in the original parole consideration hearing date. ORS 144.228(1)(b); OAR 255-38-005(5), (7).[3]

On review, petitioner assigns error to the Board's action. His chief argument is that there was not substantial evidence to support the Board's finding that his condition was not absent or in remission. The state first argues that we lack jurisdiction, because the Board's order is not a "final order" within the meaning of ORS 144.335,[4] because it did not change petitioner's status and could not have shortened the minimum time that he was to serve.

In *Harris v. Board of Parole*, 288 Or 495, 605 P2d 1181 (1980), the Supreme Court held that ORS 144.335 was intended to provide for judicial review of final orders by the Board of Parole relating to the granting of parole. It said:

"It would indeed be incongruous to suppose that the Oregon Legislature intended to provide for judicial review of sentences claimed to be excessive, but intended not to provide for judicial review of final orders by the Board of Parole, which determines [*sic*] the *actual duration of imprisonment*[.]" 288 Or at 503. (Emphasis supplied.)

---

[3] ORS 144.228(1)(b) provides:

"At the parole consideration hearing, the prisoner shall be given a release date in accordance with the applicable range and variation permitted if the condition which made the prisoner dangerous is absent or in remission. In the event that the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission, at which time release on parole shall be ordered if the prisoner is otherwise eligible under the rules. In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court."

OAR 255-38-005 provides, in pertinent part:

"(5) The Board shall not set a release date unless the psychiatric report reveals that the condition which made the prisoner dangerous is absent or in remission. The report required under this subsection shall be made within two (2) months of the date of its consideration.

"* * * * *

"(7) If, at the parole consideration hearing or at any subsequent review, the condition is determined to be absent or in remission, the Board shall order parole release subject to the provisions of 144.125."

[4] ORS 144.335(1) provides, in pertinent part:

"When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole * * *, such person is entitled to judicial review of the final order."

It further suggested that "not all orders by the Board of Parole relating to the granting of parole are final orders, so as to be subject to judicial review." 288 Or at 504. More recently, the Court held that an order by the Board setting an initial parole consideration hearing date is a final order under ORS 144.335, because "this date determines * * * the [prisoner's] minimum 'duration of imprisonment.' " *Meriweather v. Board of Parole,* 307 Or 509, 511, 770 P2d 593 (1989), *quoting Harris v. Board of Parole, supra,* 288 Or at 503.

When a person has been sentenced as a dangerous offender, the Board does not establish an initial parole release date at the prisoner's prison term hearing. Instead, it sets a parole consideration hearing date, which is "the earliest time the prisoner is eligible for parole under the board's rules." ORS 144.228(1)(a). The Board sets the parole consideration hearing date in the same manner as it sets an initial parole release date for prisoners who are not sentenced as dangerous offenders. *Meriweather v. Board of Parole, supra,* 307 Or at 511 n 3. The prisoner can request a parole consideration hearing before the scheduled date. ORS 144.228(1)(c); OAR 255-38-005(9), (10). If the Board finds that the condition that made the prisoner dangerous is absent or in remission, it must set a release date or order parole. ORS 144.228(1)(b) provides that, at the parole consideration hearing, if the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission.

Here, the Board found that petitioner's condition was not absent or in remission. As a result, it did not change the original parole consideration hearing date. Even if it had found petitioner's condition to be absent or in remission, it could not have set his release for a date earlier than his original parole consideration hearing date, because that is the earliest date that he is eligible for parole. Consequently, the Board's action could not have changed the "minimum duration" of petitioner's imprisonment within the meaning of ORS 144.335.[5]

---

[5] Under *former* OAR 255-40-005(2), a dangerous offender whose condition was absent or in remission was "not subject to personal review." The purpose of "personal review" is to determine whether a prisoner's progress warrants a reduction in term. *Former* OAR 255-40-005(1); OAR 255-40-005(3). OAR 255-40-005 was amended effective November 1, 1989. Subsection (4) now provides:

"Prisoners sentenced for aggravated murder or as dangerous offenders, and those parole denied [*sic*] are not subject to personal reviews. Dangerous offenders whose condition is found absent or in remission and whose parole release date has been set may be eligible for personal reviews upon receipt of a positive recommendation from the Department of Corrections."

The dissent argues that, if the Board had found petitioner's condition to be absent or in remission, it would have been required to set a date certain for release. The change from an indefinite date to a definite date, according to the dissent, would affect the actual duration of imprisonment and make the Board's order reviewable as a "final order" under ORS 144.335.

The Board's order is comprised of a finding regarding the existence of the condition that made petitioner dangerous and a disposition regarding the date of parole consideration or release. The Board must first determine whether the condition still exists. Both we and the dissent presuppose the correctness of petitioner's argument that his condition is absent or in remission in assessing whether the order is reviewable. However, assuming that fact does not necessarily mean that the duration of imprisonment arising from the 1986 order would have been changed by the Board. It could have imposed a definite date for release at the expiration of 108 months.

The original order establishing the 108-month parole consideration date was a final order, because it determined the minimum time petitioner will be incarcerated; the period of incarceration could be longer, but not shorter. Even if the Board had found in favor of petitioner regarding the absence or remission of his condition and had set a definite date, the duration of his imprisonment could only have remained the same or been enhanced. Had it been enhanced, petitioner would be entitled to seek review. Because it was not, and petitioner's potential release date is still 108 months, albeit indefinite, the Board's order did not affect the actual duration of imprisonment and is not a "final order." Therefore, we lack jurisdiction to review it.

Petition for judicial review dismissed.

**GRABER, P. J.** pro tempore, dissenting.

I respectfully dissent, because there is a difference in "actual duration of imprisonment," *Harris v. Board of Parole,* 288 Or 495, 503, 605 P2d 1181 (1980), between an indefinite term of imprisonment and a term certain.

The majority correctly describes the process by which the Board acts in a parole consideration hearing for a person who was sentenced as a dangerous offender. It also correctly

notes that the question here is whether the order resulting from a parole consideration hearing that is held more than two years before the date initially set by the Board "determines the actual duration" of petitioner's imprisonment. *Harris v. Board of Parole, supra,* 288 Or at 503. I differ from the majority in my answer to that question.

The majority relies on the fact that, had the Board found petitioner's condition to have been absent or in remission, "the period of incarceration could be longer, but not shorter." 103 Or App at 88. That reasoning makes the appealability of the order entirely dependent on the timing of the hearing. Following the majority's logic, an order setting a parole release date *or* an order declining to do so, which is entered shortly before the minimum term expires, *would* be appealable after an *identical* proceeding. The correct focus is on the nature of the proceeding. In my view, the proceeding always affects the actual duration of imprisonment, no matter when it occurs.[1]

In this case, even if the Board had found that the condition that made petitioner dangerous was absent or in remission, it could not have set his release date earlier than his original parole consideration hearing date, which is the earliest date that he is eligible for parole. *See* ORS 144.228(1)(a), (c). Consequently, as the majority points out, the Board could not have changed his *"minimum* 'duration of imprisonment.' " *Meriweather v. Board of Parole,* 307 Or 509, 511; 770 P2d 593 (1989), *quoting Harris v. Board of Parole, supra,* 288 Or at 503. (Emphasis supplied.) However, if the Board had found that the condition was absent or in remission, it would have had to set his release date, which would have determined his *"actual* duration of imprisonment." *Harris v. Board of Parole, supra,* 288 Or at 503. (Emphasis supplied.) The nature of the proceeding was to determine whether to set a date certain for parole and thereby to fix petitioner's parole release date. Accordingly, the order had the potential to affect the actual duration of his imprisonment.

Simply put, I think that there is a difference in

---

[1] I also note that the Board produces a reviewable record in this type of proceeding. ORS 144.228(2); OAR 255-38-005(3); *see Harris v. Board of Parole,* 47 Or App 289, 297, 614 P2d 602, *rev den* 290 Or 157 (1980).

"actual duration of imprisonment" between an indefinite term ("108 months or more") and a term certain (108 months or 120 months or 132 months). I would, therefore, hold that the order was a "final order" under ORS 144.335 and that we have jurisdiction to review it.[2]

---

[2] For the sake of clarity in future proceedings, I would also note that OAR 255-40-005 has been amended, effective November 1, 1989, after petitioner's parole consideration hearing. Now, the determination whether a dangerous offender's condition is absent or in remission always affects the prisoner's entitlement to a personal review, which considers whether the prisoner's progress shows outstanding reformation so as to warrant a reduction in the time served. Even under the majority's reasoning, an order like the present one, issued on or after November 1, 1989, is a final order.