Argued and submitted April 30, affirmed October 21, 1992

## RICHARD LEON McKENZIE,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A69420)

839 P2d 281

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision imposing a six-month term of imprisonment and a 12-month term of parole for a parole violation committed on December 27, 1990. Petitioner assigns error to the term of parole and argues that the Board's action violated the *ex post facto* provisions of the state and federal constitutions, because two of his unexpired sentences were for 1986 offenses, for which the standard term of parole was six months, not twelve months.

In 1986, petitioner was convicted of escape, ORS 162.155, and being a felon in possession of a weapon. ORS 166.270. In June, 1989, apparently while on parole,[1] he was charged with unauthorized use of a motor vehicle, ORS 164.135, and also accumulated two charges of failure to appear. ORS 162.205. He was convicted and sentenced for those three offenses on December 14, 1989. In June, 1990, the Board ordered him to serve 12 months in prison and 12 months on parole for his 1989 offenses. He was released from the 12-month prison term on December 13, 1990, and violated parole conditions within two weeks by committing two burglaries. The Board revoked his parole and imposed more prison time and the same 12-month term of supervision. Petitioner seeks review of that order.

■     At the outset, the Board argues that the order is not a final order, because it does not change the 12-month term of supervision imposed on petitioner's 1989 convictions. It relies on *Willaby v. Board of Parole*, 103 Or App 83, 797 P2d 1050, *rev den* 310 Or 547 (1990), where the Board's determination that the petitioner was still a dangerous offender was held not to be a final order because, even if the Board had ruled differently, it could not have changed the minimum duration of the petitioner's imprisonment. 103 Or App at 87. Unlike in *Willaby*, the Board's action here altered the duration of petitioner's imprisonment. Had the Board not acted, petitioner would have completed his term of supervision 12

---

[1] The record reflects that the 1986 sentences had not expired but does not reflect whether defendant was still subject to a period of "active supervised parole" under OAR 255-90-002(1).

months after his initial release. Instead, the Board incarcerated him for six months with a new term of supervision to end 12 months after his next release. The order was final.

■ The state argues that, despite petitioner's contention that 12 months exceeds the recommended parole term for his 1986 offenses, the Board had discretion to impose a 12-month term for those offenses.[2] The Board did not impose the 12-month term for the 1986 offenses.

*Ex post facto* analysis is triggered only if there is a retrospective application of a statute or rule. *Howard v. State Board of Parole,* 105 Or App 288, 292, 804 P2d 509, *rev den* 311 Or 432 (1991). The Board imposed a 12-month parole term in response to a parole violation. That violation followed the imposition of a statutorily mandated 12-month term of parole for petitioner's three 1989 offenses.[3] Petitioner has not established that the Board retroactively imposed parole for his 1986 offenses or that those offenses affected his parole term in any way.

Affirmed.

---

[2] Parole for the 1986 offenses, which were committed before December 4, 1986, is governed by OAR 255-90-002(1):

"The Board shall establish a period of active supervised parole as shown in **Exhibit I.** *The Board may order an extended supervision period if it finds that such an extension is appropriate.*" (Bold face in original; emphasis supplied.)

[3] Parole for the 1989 offenses is controlled by ORS 144.305:

"Any parole in this state shall extend for the entire term of the offender's sentence; but active supervision of parole may be discontinued after three years if the parolee has substantially complied with the conditions of active supervision and any restitution owed to the victim has been paid. Any additional costs incurred as a result of this section shall be paid for by increased parole fees under ORS 423.570."