SIDNEY SCOTT,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A69703 (Control), A70495)

843 P2d 959

Lawrence J. Hall, Deputy Public Defender, Salem, argued the case for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner seeks judicial review of two orders of the Board of Parole.[1] We conclude that we lack jurisdiction and dismiss the petitions.

Petitioner assigns error to the Board's decision in 1991 that he maintains set his parole consideration hearing date for June 16, 2009. However, his parole consideration hearing date was changed to June 16, 2009, by a March 1989, order of the Board. Neither administrative nor judicial review was sought from the 1989 order. The Board's decision in 1991 merely affirmed the previously determined date.

ORS 144.335(1) provides:

"When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole * * *, such person is entitled to judicial review of the final order."

Our jurisdiction over Board actions is limited by ORS 144.335(1) to final orders that adversely affect or aggrieve the petitioner.

In *Willaby v. Board of Parole*, 103 Or App 83, 797 P2d 1050, *rev den* 310 Or 547 (1990), the Board considered whether to remove the petitioner's dangerous offender status. It concluded that the petitioner's status should continue, and he assigned error to that decision. We dismissed the petition, because the decision did not aggrieve or adversely affect the petitioner. ORS 144.335(1); *Willaby v. Board of Parole, supra*, 103 Or App at 88; *see Harris v. Board of Parole*, 288 Or 495, 503, 605 P2d 1181 (1980). The orders did not change the length of petitioner's incarceration. He was not adversely affected or aggrieved by them.

Petitions for judicial review dismissed.

---

[1] Two separate petitions for review were filed, and they have been consolidated for purposes of review.