Argued and submitted March 5, petition for judicial review in CA A71909 dismissed; judgment in CA A75115 affirmed July 14, reconsideration in CA A75115 denied September 29, petition for review denied December 7, 1993 (318 Or 170)

DONALD GORDON SAGER,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A71909 (Control))

DONALD G. SAGER,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
Superintendent, Oregon State Penitentiary,
Vern Faatz, Oregon Board of Parole,
and Fred Pearce, Director, Corrections Department,
*Respondents.*

(92C-10191; CA A75115)
(Cases Consolidated)
856 P2d 329

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

R. Brooke Holstedt, Salem, argued the cause for appellant. With her on the brief was Winslow Alway & Craig, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent in each case. With him on respondent's supplemental brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem. On the respondent's brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In these cases consolidated on appeal, petitioner[1] petitions for review from an order of the Board of Parole and Post-Prison Supervision (Board) denying his request for a parole consideration hearing. ORS 144.228(1)(c). He also appeals from a judgment dismissing his petition for a writ of *habeas corpus*. We dismiss the petition for judicial review and affirm the judgment.

In June, 1987, petitioner was convicted of robbery in the first degree with a firearm and sentenced as a dangerous offender. He received a 30-year dangerous offender sentence, ORS 161.725, with a 15-year minimum, ORS 144.110(1), and a 5-year gun minimum. ORS 161.610. Those sentences were to run concurrently with the sentence on the robbery conviction. In November, 1987, the Board sustained the 15-year minimum. ORS 144.110(2)(a). It set petitioner's parole consideration hearing date for 180 months. ORS 144.228(1)(a).

On September 17, 1991, petitioner requested an administrative review of the 1987 order and asked for a psychological evaluation pursuant to ORS 144.228(1)(c). The Board denied the request on September 19, holding that petitioner had failed to show any evidence to give the Board reasonable cause to believe that his dangerous condition was in remission. ORS 144.228(1)(c). Petitioner submitted a second request for administrative review; the Board denied that request in October. Petitioner seeks judicial review of the October denial.

Petitioner's position is that the Board is required to set his parole consideration hearing date at the earliest time he would be eligible for release. ORS 144.120. His classification on the matrix is 60 to 80 months. He contends that his initial release date must be set within that period and not after the 15-year minimum sentence, as the Board ordered in 1987.

Petitioner contends that, under OAR 255-80-001(2), he has exhausted his administrative remedies and, therefore, that we may review the 1991 order under ORS 144.335. The state contends that we do not have jurisdiction, because the

---

[1] We refer to petitioner/appellant as petitioner.

order is not a final order "related to the granting, revoking, or discharging of parole," as required by ORS 144.335.

■ Not all orders of the Board are final, although an order setting a parole consideration date is a final order, because it determines the minimum duration of imprisonment. *Meriweather v. Board of Parole*, 307 Or 509, 511, 770 P2d 593 (1989). We agree with the state that the order petitioner challenges here does not determine the duration of his imprisonment.

In *Willaby v. Board of Parole*, 103 Or App 83, 797 P2d 1050, *rev den* 310 Or 547 (1990), the prisoner had been sentenced as a dangerous offender and, pursuant to ORS 144.228(1)(c), he had requested a parole consideration hearing before his scheduled consideration date. We set out the procedure whereby a dangerous offender is considered for parole:

> "When a person has been sentenced as a dangerous offender, the Board does not establish an initial parole release date at the prisoner's prison term hearing. Instead, it sets a parole consideration hearing date, which is 'the earliest time the prisoner is eligible for parole under the board's rules.' ORS 144.228(1)(a). The Board sets the parole consideration hearing date in the same manner as it sets an initial parole release date for prisoners who are not sentenced as dangerous offenders. *Meriweather v. Board of Parole, supra*, 307 Or at 511 n 3. The prisoner can request a parole consideration hearing before the scheduled date. ORS 144.228(1)(c); OAR 255-38-055(9)(10). If the Board finds that the condition that made the prisoner dangerous is absent or in remission, it must set a release date or order parole." 103 Or App at 87.

After a hearing, the Board refused to change the original parole consideration hearing date, because it determined that the prisoner's condition was not in remission. We affirmed, stating:

> "Even if [the Board] had found [the prisoner's] condition to be absent or in remission, it could not have set his release for a date earlier than his original parole consideration hearing date, because that is the earliest date that he is eligible for parole. Consequently, the Board's action could not have changed the 'minimum duration' of petitioner's imprisonment within the meaning of ORS 144.335." 103 Or App at 87.

■ Here, in the 1987 order, the Board upheld petitioner's minimum sentence of 15 years and set the parole consideration hearing at the expiration of that term. The fact that the Board later denied his request for a hearing could not alter the 15-year minimum. Even if it had held a hearing, it could not have changed the "minimum duration" of petitioner's imprisonment. Because the Board's order denying a hearing could not affect the duration of imprisonment, it is not a final, reviewable order under ORS 144.335.

Petitioner has also appealed from the dismissal of his petition for *habeas corpus* in which he alleged that he should have had an earlier parole consideration hearing date, that he has been denied a psychological evaluation at state expense that would have shown that he no longer suffers from a condition making him dangerous, that the Department of Corrections has failed to provide meaningful treatment programs and that he has been denied periodic reviews to determine whether he is entitled to an earlier release date. The trial court held that it did not have jurisdiction and dismissed the petition.

Petitioner did not appeal the 1987 Board order sustaining the 15-year minimum term. His position is that, at that time, there was no petition for judicial review, because the parole consideration hearing date was not a firm release date, and, therefore, there was no final order. Therefore, he contends that, when the Supreme Court held in *Meriweather v. Board of Parole, supra*, that an order setting a parole hearing consideration date was a final order, the time in which he could file a petition from the 1987 order had passed. Because the 1991 order denying his request for a hearing does not modify the 1987 order, *see Perez v. Board of Parole*, 102 Or App 117, 792 P2d 1246, *rev den* 310 Or 243 (1990), he contends that his only avenue for relief is *habeas corpus*.

■■ However, the existence of *habeas corpus* does not mean that it is available to address every allegation of deprivation for which a prisoner seeks a remedy. There must be a showing either that the prisoner, though validly in custody, is subjected to further unlawful imprisonment or restraint or that the prisoner has been deprived of legal rights that require immediate judicial scrutiny and that no other timely remedy is available. *Penrod/Brown v. Cupp*, 283 Or 21, 581

P2d 934 (1978). The state contends that, even if petitioner's allegations are "legally correct and well-founded in fact," he is not entitled to *habeas* relief.

The state relies on *Jones v. Maass*, 106 Or App 42, 806 P2d 168, *rev den* 311 Or 426 (1991), in which the petitioner alleged that he suffered from a treatable mental illness and that prison authorities had denied him treatment. He alleged that, because of his mental illness, the Board had postponed his release. We held that the trial court had correctly dismissed the writ:

> "Plaintiff does not allege facts that show a 'further imprisonment or restraint' under the first category in *Penrod/Brown v. Cupp*, [*supra*]. *See Fox v. Zenon*, 106 Or App 37, 806 P2d 166 (1991). If plaintiff was successfully treated, the Board of Parole might give him an earlier release date, but he has not been subject to 'further imprisonment or restraint,' because at most he would be obligated to serve the full term for which he was sentenced. *See Miller v. Maass,* 95 Or App 445, 447, 769 P2d 788 (1989)." 106 Or App at 44.

The state contends that, even if petitioner here were treated, he would still have to serve his 15-year minimum sentence before becoming eligible for parole.

However, in addition to seeking a psychological evaluation, petitioner has also alleged that the Board erred in setting the parole consideration date. In other words, the state relies on petitioner's 15-year minimum term as the basis on which to deny *habeas corpus* relief, but it is that 15-year term that petitioner contends constitutes further restraint. Nonetheless, we agree with the state that petitioner is not entitled to *habeas corpus* relief.

Petitioner's contention that he has no recourse other than *habeas corpus* is premised on his assertion that he did not petition for review of the 1987 order because review was not available. Petitioner is mistaken. As the *Meriweather* decision demonstrates, that avenue of appeal was available. The remedy of *habeas corpus* is not available to parties who neglect to seek appellate review of the challenged decision. *Billings v. Maass*, 86 Or App 66, 738 P2d 222 (1987). Petitioner may not challenge the parole consideration date in the *habeas* proceeding. Thus, the state is correct that, even if

petitioner obtained the psychological examination or treatment that he seeks and could show that he no longer suffers from a dangerous condition, he would not be entitled to parole until the 15-year minimum sentence is served. Petitioner has not demonstrated unlawful further imprisonment or conditions that create a risk to him of immediate and serious harm. *See Jones v. Maass, supra.*

Petition for judicial review in CA A71909 dismissed; judgment in CA A75115 affirmed.