Argued and submitted April 25, petition for judicial review dismissed November 19, 1997, petition for review denied March 17, 1998 (326 Or 530)

# RONALD DUANE FREY,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A88275)

948 P2d 738

Eric M. Cumfer, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Sally L. Avera, Public Defender.

Christine Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision finding that he had violated his post-prison supervision (PPS) and imposing a 90-day prison sanction for the violation. He argues that the Board erred in revoking his PPS without giving him a hearing or receiving a waiver of his right to a hearing. The Board responds that the order is moot and therefore not justiciable, because on June 10, 1996, petitioner completed the sanction imposed. *See Barcik v. Kubiaczyk*, 321 Or 174, 186, 895 P2d 765 (1995) (if plaintiffs' claims are moot, they may not be addressed).

We agree with the Board. The order has no continuing effect, and reversal would not result in petitioner being released from prison. Petitioner responds that his past record on PPS could have consequences on future violations. However, petitioner has not identified those collateral consequences, and, as the Board points out, the Board may not order more than a total of 180 days of incarceration as a sanction for violation of PPS. *See* OAR 253-011-004(3) (1989).[1] Petitioner has already served that total. This court has no relief to offer petitioner. *See State v. Noble*, 307 Or 506, 770 P2d 57 (1989) (where Board of Parole overrode minimum sentence, appeal challenging propriety of minimum sentence was moot); *State v. Neidenbach*, 300 Or 176, 708 P2d 355 (1985) (where defendant was discharged from parole, reversal of Court of Appeals decision would be futile).

In petitioner's second assignment of error, he argues that the board erred in extending his post-prison supervision

---

[1] OAR 253-011-004(3) (1989), the version of the rule in effect at the time petitioner committed his crimes in 1991, provided:

"If requested to return an offender to a state correctional facility, the Board * * * may impose an appropriate term of incarceration up to ninety (90) days for a technical violation and up to one hundred and eighty (180) days for conduct constituting a crime. Except as provided in OAR 253-05-004(2) [relating to inmates convicted of murder or aggravated murder], during the full term of post-prison supervision, an offender may not be required to serve more than one hundred and eighty (180) days of incarceration for violations of the conditions of supervision."

term until May 12, 2012, the end of his statutory indeterminate sentence. That term was originally imposed in a November 16, 1994, Board order. Here, petitioner seeks review of a December 30, 1994, order that continued the previously imposed term of post-prison supervision. Accordingly, petitioner is not adversely affected or aggrieved by the reiteration of the earlier term in the December order, and we lack jurisdiction to consider his argument. *See Scott v. Board of Parole*, 117 Or App 170, 843 P2d 959, *rev den* 315 Or 643 (1992) (court lacked jurisdiction over orders that affirmed previously determined date for parole consideration hearing).

Petition for judicial review dismissed.