Argued March 27, writ of habeas corpus allowed, circuit court
ordered to release plaintiff in accordance with
ORS 136.290 March 28, 1973

IN THE MATTER OF THE APPLICATION OF THURMAN PRICE
FOR A WRIT OF HABEAS CORPUS
PRICE, *Plaintiff, v.* ZARBANO, *Defendant.*
508 P2d 182

*Michael O. Whitty,* Coos Bay, for plaintiff.

*Richard L. Barron,* Assistant District Attorney, Coos Bay, for defendant.

Before DENECKE, Presiding Justice, and HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

This is an original petition for a writ of habeas corpus. Plaintiff seeks an order releasing him from the Coos County jail on the grounds that his trial was not commenced within 60 days from the time of his arrest.

ORS 136.290 provides:

"Limitation on time defendant held prior to trial; release of defendant if limit exceeded. (1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of his trial more than 60 days after the time of his arrest unless the trial is continued with his express consent.

"(2) If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on his own recognizance, or in the custody of a third party, or upon such bail as the defendant can afford, or upon whatever additional reasonable terms and conditions the court deems just."

The parties are agreed on the following facts.

On December 22, 1972, the plaintiff was arrested and charged with kidnapping in the first degree and rape in the first degree, and has been incarcerated in the Coos County jail since his arrest. Bail was set at $30,000. On January 30, 1973, he was indicted on counts of kidnapping, rape, and sodomy. Plaintiff entered a plea of not guilty, and bail was again set at $30,000.

On February 28, 1973, plaintiff filed a motion requesting release from custody on the grounds that he had been held in custody without trial in excess of 60 days in violation of ORS 136.290 above. The motion was denied by the circuit court of Coos County on March 9, 1973. Previously, on March 1, 1973, the circuit court reduced plaintiff's bail to $5,000.

The parties agree that the sole issue presented to this court is the interpretation of ORS 136.290. The plaintiff contends that, as he was not tried on the charges within 60 days of his arrest, he must be released from custody. The defendant contends that the 60 days provided for in ORS 136.290 start to run from the time of indictment and not from the time of arrest.

The defendant agrees that the plaintiff is indigent and that he could not post bail in any amount.

Article VII, § 2 (Amended) of the constitution of Oregon provides that this court, in its own discretion, may take original jurisdiction in habeas corpus proceedings. We have only rarely exercised our discretion and allowed an original writ of habeas corpus. *Ex Parte Jerman,* 57 Or 387, 112 P 416 (1910).

■ However, we have held that a prisoner is entitled to raise the question of his right to bail in original habeas corpus proceedings in this court. *Thomas v. Gladden,* 239 Or 293, 397 P2d 836 (1964). Here, the plaintiff unsuccessfully attempted, in the circuit court, to secure his release from custody before filing his petition in this court. The defendant concedes that habeas corpus is the proper means of raising the question of whether plaintiff is entitled to be released from custody. We have accepted original jurisdiction of the writ.

■ We conclude that the statute ORS 136.290 is clear and unambiguous in its terms. Under the statute the defendant's trial must be commenced within 60 days of his *arrest*. If his trial is not commenced within 60 days of his arrest, "the court shall release the defendant on his own recognizance, or in the custody of a third party, or upon such bail as the defendant can afford, or upon whatever additional reasonable terms and conditions the court deems just." ORS 136.290(2).

If the legislature had intended the 60-day period to run from the time of indictment, it would have so stated. On the contrary, the statute unequivocally provides for the 60-day period to start from "the time of his arrest."[1]

The writ of habeas corpus previously allowed in this case is sustained; accordingly, as it is agreed that the plaintiff is unable to make bail in any amount, the circuit court of Coos County is directed to forthwith release the plaintiff either upon his own recognizance, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just.

---

[1] ORS 136.295 sets forth certain exceptions to the requirement that a prisoner's trial be commenced within 60 days of his arrest, but the parties agree that none of the exceptions are involved in the instant case.