Argued and submitted April 15, prisoner released April 25, 1985

In the Matter of the Application
of Stephen Collins for a Writ of
Habeas Corpus

COLLINS,
*Plaintiff,*

v.

FOSTER
*Defendant.*

(SC S31615)

698 P2d 953

Paul S. Petterson, Portland, argued the cause for plaintiff.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for defendant.

Before Peterson, Chief Justice, Lent, Campbell, Roberts, Carson and Jones, Justices.

CAMPBELL, J.

## CAMPBELL, J.

This is an original habeas corpus proceeding filed in this court by the plaintiff, an inmate of the Marion County Jail, seeking his release from the custody of defendant, the Sheriff of Marion County.

The issue in this case is: Can a criminal defendant charged with murder be held in custody pending trial more than 60 days after the time of his arrest when there is no finding that the proof of murder is evident or the presumption strong that the defendant is guilty?

The relevant Oregon Revised Statutes are:

136.290:

"(1)   Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of his trial more than 60 days after the time of his arrest unless the trial is continued with his express consent.

"(2)   If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on his own recognizance, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."[1]

136.295:

"(1)   ORS 136.290 does not apply to persons charged with crimes which are not releaseable offenses under ORS 135.240 or to persons charged with conspiracy to commit murder, or charged with attempted murder, or to prisoners serving sentences resulting from prior convictions.

135.240:

"(1)   Except as provided in subsection (2) of this section, a defendant shall be released in accordance with ORS 135.230 to 135.290.

"(2)   When the defendant is charged with murder or

---

[1] ORS 135.230 to 135.290 has the general title "Release of Defendant." The individual statutes include the subjects of: Release Assistance Officer, Releaseable Offenses, Release Decision, General Conditions of Release, Release Agreement, Conditional Release, Security Release, Taking of Security, Forfeiture and Apprehension, Release Decision Review and Release Upon Appeal.

treason, release shall be denied when the proof is evident or the presumption strong that the person is guilty."[2]

On December 29, 1983, Collins was indicted by the grand jury of Marion County charging him with murder and on the following day he was arrested at the Oregon State Penitentiary where he was serving a sentence on an unrelated matter.

On January 10, 1984, the Marion County Circuit Court set security on Collins in the amount of $100,000 on the murder charge.

Prior to the commencement of the trial on the murder charge, the circuit court entered an order excluding evidence of other crimes and on May 11, 1984, the State appealed that order to the Court of Appeals.[3]

On December 28, 1984, Collins was released from the Oregon State Penitentiary to the custody of Charles Foster, the Sheriff of Marion County and the defendant in this habeas corpus proceeding.

Later, Collins moved in the circuit court for release pursuant to what he calls the "60 day rule." ORS 136.290. The order denying motion for release was entered on March 6, 1985, and the security for release was continued at $100,000.

Collins is and was indigent at all material times. Although there were previous release hearings, we only find it necessary to consider the trial court's order filed March 6, 1985, which denied the release of Collins and maintained the security amount of $100,000.[4] There has been no finding by

---

[2] ORS 135.240(2) is a codification of Article I section 14 of the Oregon Constitution:

"Offences [sic], except murder, and treason, shall be bailable by sufficient sureties. Murder or treason, shall not be bailable, when the proof is evident, or the presumption strong."

[3] On April 17, 1985, two days after this case was argued in this court, the Court of Appeals issued an opinion affirming the trial court's order excluding the evidence of other crimes. 73 Or App 216 (1985).

[4] Collins contends that he had been offered parole from the Oregon State Penitentiary on January 5, 1984, but turned it down to avoid immediate transfer to the Marion County Jail. Thereafter he was unsuccessful at release hearings held on January 10, May 3, and May 24, 1984. The State could argue during that period of time he was not eligible for release because he was serving a sentence for a prior conviction. ORS 136.295(1). We do not reach that question.

the trial court that "the proof is evident or the presumption strong" that Collins is guilty of murder. ORS 135.240(2).

Collins simply contends that he has been in "custody pending the commencement of his trial more than 60 days after the time of his arrest" and the court is required to "release him on his own recognizance, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290." ORS 136.290.

Foster, the Sheriff of Marion County, contends that Collins is not eligible for release because he is charged with murder. He argues that ORS 136.295(1) provides that ORS 136.290 does not apply to persons charged with crimes which are not "releasable offenses" under ORS 135.240, to-wit: murder and treason.

The trouble with the defendant sheriff's argument is that it fails to take into account that ORS 135.240 provides when a defendant charged with murder or treason can or cannot be released. When the relevant portions of ORS 136.290 and 135.240 are paraphrased and grafted into ORS 136.295(1), the effect of the latter statute is as follows:

> The 60-day rule for the release of defendants does not apply to persons charged with murder or treason when the proof is evident or the presumption strong that the person is guilty.

If the legislature had intended to exclude murder and treason without qualification from the 60 day rule it could have said so instead of incorporating by the reference the exact language of QRS 135.240.

■■ Thus, it appears that because Collins has been in custody for more than 60 days and there has been no finding as to evident proof or a strong presumption, he is not prohibited from being released by ORS 136.295(1). If a defendant is eligible for release under the statutory scheme, then the provision of ORS 136.290 requiring that the court "shall release" the defendant is mandatory and the court has no discretion. However, it does have latitude in ordering the "terms and conditions" of the release.

We recognize that ORS 136.295(1) creates an anomolous situation. The second part of the statute reads:

"ORS 136.290 does not apply to * * * persons charged with conspiracy to commit murder, or charged with attempted murder, * * *." The legislature without explanation or reason has provided that persons in custody and charged with conspiracy to commit murder or charged with attempted murder are not allowed release under the 60 day rule while persons charged with murder or treason are permitted release *if* the proof is not evident or the presumption is not strong that the person is guilty. All we can say is that we are not faced in this case with conspiracy to commit murder or attempted murder.

Under the present posture of this case, Collins is eligible for release under ORS 136.290. If there is no change in the status of the defendant, the trial court in the words of statute "shall release Collins on his own recognizance, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."

One additional problem remains. ORS 135.230 to 135.290 includes ORS 135.265, 135.270 and 135.280 which provide a statutory scheme for security releases. We hold the terms in ORS 136.290 "shall release * * * upon whatever additional reasonable terms and conditions the court deems just" do not include the setting of a security amount which the person in custody cannot meet. To hold otherwise would allow the court to do indirectly that which it cannot do directly.[5]

*Price v. Zarbano,* 265 Or 126, 508 P2d 182 (1973), was an original petition in this court for a writ of habeas corpus involving an interpretation of ORS 136.290. At that time ORS 136.290(2) provided:

"If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on his own recognizance, or in the custody of a

---

[5] The 1973 "Release of Defendants" provisions passed by the legislature (Session Laws Chapter 836) were intended to create a presumption in favor of personal recognizance release and to conform Oregon Law with ABA Criminal Justice Standards. Criminal Law Revision Commission, Proposed Criminal Procedure Code Final Draft and Report (November, 1972). This intention was codified as ORS 135.245(6) as follows:

"This section shall be liberally construed to carry out the purpose of relying upon criminal sanctions instead of financial loss to assure the appearance of the defendant."

third party, *or upon such bail as the defendant can afford,* or upon whatever additional reasonable terms and conditions the court deems just."

The emphasized portion of the above statute was repealed in 1973 and the phrase "as provided in ORS 135.230 to 135.290" was added to the end of the section.

In *Price v. Zarbano, supra,* we held that if the person in custody was unable to make bail in any amount, the trial court was required to release him upon his own recognizance, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deemed just.

It could be argued that the 1973 amendment to ORS 136.290 overruled *Price v. Zarbano, supra.* We disagree with that argument. The legislative history does not mention *Price v. Zarbano.* ORS 136.290 and its companion statutes enacting the 60 day rule were passed as Chapter 323 of the 1971 Session Laws. Two years later in 1973, ORS 135.230 to 135.290 enacting a different concept for release of criminal defendants were adopted as Chapter 836. It was the chapter which changed "bail" to "security release." The above mentioned amendment to ORS 136.290 was part of Chapter 836 of the 1973 Session Laws. It appears that the 1973 amendment to ORS 136.290 was merely a housekeeping procedure to replace the previous provision for "bail" with a wider range of options for the trial judge. The attorney for the defendant Sheriff of Marion County on oral argument to this court stated that *Price v. Zarbano, supra,* is still the law in Oregon.

■ ORS 135.240(3) in effect provides that when a person is charged with murder, the magistrate may conduct a hearing to determine if the "proof is evident, or the presumption strong" that the person is guilty. The State has the burden of proof by clear and convincing evidence. *Haynes v. Burks,* 290 Or 75, 78, 619 P2d 632 (1980). As far as we can tell from the record before us, the State has not requested the trial court hold this type of hearing.

The Sheriff of Marion County is directed to release Collins at 5:00 p.m. on April 26, 1985, either upon his own recognizance, or in the custody of a third party, or upon whatever terms and conditions which seem just as determined

by the trial court *unless* prior to that time, upon the application of the State, the trial court has determined in accordance with ORS 135.240 the proof is evident or the presumption strong that Collins is guilty of murder.