Argued and submitted May 22, affirmed June 24, 1987

## JESSE ALLEN BILLINGS,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(86-C-11837; CA A42288)

738 P2d 222

Velda H. Rogers, Keizer, argued the cause and filed the brief for appellant.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Carol Dolan, Certified Law Student, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks habeas corpus relief. The trial court granted defendant's ORCP 21A motion to dismiss for lack of jurisdiction. Petitioner appeals. We affirm.

After being convicted of two crimes, petitioner was sentenced to a two-year mandatory minimum under ORS 144.110. At the initial Parole Board hearing, the Board sustained the minimum sentence and set a release date of February 11, 1986. Petitioner was not represented by counsel at that hearing. Later, the Board administratively ordered his release date reset for August 11, 1987. Petitioner did not appeal either of those orders, as permitted by ORS 144.335. He later filed this habeas corpus action.

The remedy of habeas corpus is not available to parties who neglect to seek appellate review of the challenged decision.[1] *Barber v. Gladden,* 210 Or 46, 62-63, 298 P2d 986, 309 P2d 192 (1957), *cert den* 359 US 948 (1959); *see Gordon v. Board of Parole,* 48 Or App 25, 615 P2d 1191 (1980). Because petitioner could have sought judicial review of the Board orders and raised his contentions then, habeas corpus is not available to him now.

Petitioner argues that he should be excused from failing to seek review of the Board orders, because the Board did not inform him of his right to judicial review. He concedes that no statutory provision requires the Board to notify an inmate of the right to judicial review. *See* ORS 144.335.[2] He argues, however, that, because ORS 137.020(3) requires courts to notify convicted defendants of the right to appeal, the omission from ORS 144.335 of similar language was a legislative

---

[1] Petitioner's contention that ORS 138.550(1) governs this issue has no merit. ORS 138.540(2) provides:

"When a person restrained by virtue of a judgment upon conviction of a crime asserts the illegality of the restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, *relief shall not be available under ORS 138.510 to 138.680* [relating to post-conviction relief] but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law." (Emphasis supplied.)

Petitioner clearly falls within ORS 138.540(2), and ORS 138.550(1) therefore is not applicable.

[2] Petitioner does not contend that ORS 183.413(2)(i) applies to this case, and we therefore do not consider whether it does.

"oversight." He invites us to read a notice requirement into ORS 144.335, but we decline to do that. In construing a statute, we are not free "to insert what has been omitted or omit what has been inserted." ORS 174.010; *Raudebaugh v. Action Pest Control, Inc.,* 59 Or App 166, 172, 650 P2d 1006 (1982). ORS 144.335 creates no duty for the Board to notify inmates of the right to judicial review of its orders, and petitioner's failure to seek judicial review is not excused.

Affirmed.[3]

---

[3] Petitioner's remaining assignments of error have no merit.