Submitted on remand from the Oregon Supreme Court April 27, reversed and
remanded for reconsideration June 14, 1989

## THOMAS NICHOLAS MERIWEATHER,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A44925)

775 P2d 340

Gary D. Babcock, Public Defender, and Lawrence J. Hall,
Deputy Public Defender, Salem, for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder,
Solicitor General, and David L. Kramer, Assistant Attorney
General, Salem, for respondent.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

GRABER, P. J.

## GRABER, P. J.

Petitioner seeks review of an order setting his parole consideration date.[1] ORS 144.228. He argues that the Board applied the wrong rule in setting that date and that it should have considered the victim's "recantation," which he offered as evidence of mitigation. We reverse and remand.

**1.** Petitioner's parole hearing took place on June 17, 1988. He argues that the Board erred in applying a temporary version of OAR 255-35-022 that was not yet in effect at the time of the hearing. The state agrees but contends that the version of the rule then in effect was, in pertinent part, contrary to the statute authorizing the rule and, therefore, void. Consequently, the state argues, the Board acted properly under the *statute.*

It is unclear from the present record which rule the Board applied. The transcript of the hearing suggests that the Board sought to apply the rule that was not yet in effect. However, the Board action form (the final order of which petitioner seeks review) indicates that the Board may have set the parole consideration date under the rule that was in effect on June 17. Because we cannot tell what the Board did, we must remand for reconsideration. We consider the additional issues, because they are likely to arise on reconsideration.

The next question is what rule the Board should apply on remand. If, as the state suggests, the former rule was contrary to statute, it cannot be applied. We conclude, however, that the former rule was not contrary to statute and that it should be applied on remand.

*Former* OAR 255-35-022 provided, in part:

"(1) When consecutive sentences have been imposed, a rating and a range shall be assigned for each crime.

"(2) The Board shall consider the summed ranges as a single unified range. Any minimum sentences imposed in conjunction with consecutive terms shall be considered a single unified minimum.

---

[1] When this case was first before us, we dismissed it for lack of jurisdiction. *Meriweather v. Board of Parole,* 92 Or App 705, 759 P2d 1141 (1988). On review, the Supreme Court reversed and directed us to decide the case on the merits. 307 Or 509, 770 P2d 593 (1989).

"(3)   In summing the ranges, the Board shall first establish the crime category, history risk score and appropriate range for the principal crime. Subordinate ranges will then be established by taking each consecutive crime and establishing the applicable crime category and base range. The unified range will be determined by adding the base range for each subordinate crime to the principal range."

*Former* ORS 144.785(2) provided, in part:

"(2)   When a prisoner is sentenced to two or more consecutive terms of imprisonment, the duration of the term of imprisonment shall be the sum of the terms set by the board pursuant to the ranges established for the offenses * * * provided, however, that the duration of imprisonment may be less than the sum of the terms if the board finds, by an affirmative vote of at least four of its members, that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect the community security."

The state argues that *former* OAR 255-35-022(3), by requiring that the base history risk range be applied in the case of each subordinate crime, was contrary to two statutory requirements: that the "duration of the term of imprisonment shall be the sum of the terms set by the Board pursuant to the ranges established for the offenses" and that the Board set the "duration of imprisonment" below the sum of the terms only by vote of four of its members. *Former* ORS 144.785(2). The rule is not contrary to those requirements. The base history risk range is, by definition, within the ranges established for the offense. Necessarily, the sum of the range for the principal offense and the base ranges for the subordinate offenses is within the sum of the terms of imprisonment set for those offenses. In other words, *former* ORS 144.785(2) told the Board: When faced with consecutive sentences, sum the applicable matrix ranges. The Board responded, by rule: "We will do that, but we will apply the base range to all but the principal offense." The rule is consistent with the terms of the statute and is not invalid merely because, by its application of the base ranges to subordinate offenses, it may reach the limit of that authority.

2.      Petitioner next argues that the Board erred in failing to consider a tape and a transcript of the tape that he offered as evidence of mitigation. *See* OAR 255-35-035. The tape is of

a conversation between the victim of petitioner's crimes, who was his teenage daughter, and a private investigator employed by his attorney. In that conversation, the victim, apparently contradicting her testimony at trial, denied that her father had sexually abused her. Petitioner relies on ORS 144.120(7), but that statute applies only to statements *offered by* the victim. The last sentence of ORS 144.120(7) provides:

> "For the purpose of this section, 'victim' includes the actual victim, a representative selected by the victim or the victim's next of kin."

There is no evidence that petitioner was "a representative selected by the victim," and even if he was "next of kin," he could not, as the criminal defendant, be a victim. ORS 131.007.[2] Accordingly, ORS 144.120(7) provides no basis for requiring the Board to consider the statement offered by petitioner.

Petitioner also argues that ORS 144.185 required the board to consider the tape and transcript. However, that statute merely describes information that the Board "may cause to be brought before it." The Board did not seek to have the information brought before it and, therefore, ORS 144.185 is inapplicable.[3]

Reversed and remanded for reconsideration.

---

[2] ORS 131.007 provides:

"As used in ORS 40.385 and in ORS chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim."

[3] Petitioner's remaining arguments lack merit and require no discussion.