Argued and submitted June 28, 1995, affirmed April 17, 1996

THOMAS NICHOLAS MERIWEATHER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A77983)

915 P2d 467

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision setting his parole consideration date. Due to changes in circumstances that occurred during the pendency of this petition, principally the passing of petitioner's parole consideration date, we do not reach the merits of petitioner's arguments on review.

To explain our disposition, we review the history of the board's action regarding petitioner. The board established a parole consideration date of March 27, 1993, at petitioner's initial parole consideration hearing on June 17, 1987.[1] Petitioner sought judicial review and, after remand from the Supreme Court on a jurisdictional issue, *Meriweather v. Board of Parole*, 307 Or 509, 770 P2d 593 (1989), we held that the board should have used a different method for computing the ranges of petitioner's consecutive sentences. *Meriweather v. Board of Parole*, 97 Or App 212, 214-15, 775 P2d 340 (1989) (*Meriweather I*).

While that petition was pending, on October 26, 1988, the board conducted a parole consideration hearing, pursuant to ORS 144.228(1)(c), after receiving a report from Dr. Weissert, a psychiatrist for the Oregon State Penitentiary, indicating that petitioner's dangerous condition was in remission. Before that hearing, the board requested a psychiatric evaluation of petitioner from the Oregon State Hospital. Dr. Crane performed that evaluation and concluded that petitioner's dangerous condition was not in remission. At the hearing, the board found that petitioner's dangerous condition was not absent nor in remission and scheduled a review of that finding in two years, during October 1990.

Before we issued our opinion in *Meriweather I*, petitioner sought judicial review of the October 1988 order. The

---

[1] Petitioner was sentenced as a dangerous offender under ORS 161.725 and 161.735. Therefore, pursuant to ORS 144.228(1), petitioner received a parole consideration date, which is "the time the prisoner would otherwise be eligible for parole under the board's rules," rather than a release date as provided under ORS 144.120. A prisoner sentenced as a dangerous offender is released at the parole consideration date only if the prisoner shows at that hearing that the condition that made the prisoner dangerous is "absent or in remission." ORS 144.228(1)(b) (1991).

board moved to dismiss the petition on the ground that it was moot in the light of our remand from *Meriweather I*. We denied that motion, reversed the order and remanded for reconsideration because there was no indication that the board had changed or reconsidered petitioner's parole consideration date at the October 1988 hearing in the light of *Meriweather I*. *Meriweather v. Board of Parole*, 99 Or App 373, 374, 781 P2d 1271 (1989) (*Meriweather II*).

On April 25, 1990, the board held a hearing on remand and issued the order from which this review originates. In that order, the board increased petitioner's crime severity rating from five to six, reaffirmed its finding of October 1988 that petitioner's dangerous condition was not absent or in remission, scheduled a review of that finding in January 1993, and found the presence of aggravation factor C pursuant to ORS 144.787. Based on those findings, the board determined that petitioner's parole consideration date should continue to be March 27, 1993. Petitioner immediately filed a petition for judicial review; in an unpublished decision, we dismissed that petition and remanded the case to the board because petitioner had failed to seek administrative review. *See Jenkins v. Board of Parole*, 313 Or 234, 833 P2d 1268 (1992). On November 26, 1992, the board issued an order denying review.

Petitioner petitioned for judicial review, claiming seven assignments of error. The first three assignments of error address the increase in the crime severity rating from five to six. Petitioner argues that the board's reexamination of the crime severity rating exceeded the scope of our remand in *Meriweather II*, was not preceded by 14 days' notice as required by OAR 255-30-013 and was not supported by substantial evidence. Petitioner's fourth assignment of error is that the board erroneously interpreted the phrase "earliest time the prisoner is eligible for parole" in ORS 144.228(1)(a) by setting his parole consideration date at 84 months instead of 74 months, which he asserts is the bottom of his matrix range. Petitioner also argues that, because he committed his crimes before enactment of ORS 144.787, finding aggravation factor C against him violates the *ex post facto* clauses of the state and federal constitutions. *See* ORS 144.787; Or Const, Art I, § 21; US Const, Art I, § 10. Petitioner's sixth

assignment of error is that the board violated ORS 144.226(1) by rescinding the review of his dangerous offender status that had been scheduled for October 1990. Finally, petitioner argues that the board erroneously found that his dangerous offender status was neither absent nor in remission.

During the pendency of this petition, on January 20, 1993, the board held a hearing, which had been scheduled in the April 1990 order, to reevaluate petitioner's dangerous offender status. The board considered a psychiatric report that it had requested from Oregon State Hospital. That report, dated December 2, 1992, and completed by Dr. Davis, concluded that petitioner had not changed significantly and that the personality disorder that made him dangerous still existed. The board found that petitioner's dangerous condition was not absent or in remission, scheduled a review of that finding during January 1995, and deferred petitioner's parole consideration date until March 27, 1995.

Petitioner's initial parole consideration date, March 27, 1993, passed during the pendency of this review. The state subsequently moved to dismiss petitioner's claims as moot. On April 15, 1993, we issued an order that denied that motion but limited the issues on review to "those other than the parole consideration date." The board thereafter withdrew its order for reconsideration. See ORAP 4.35(1)(b). On June 17, 1994, the board issued its order on reconsideration, which decreased petitioner's crime severity rating from six to five, reaffirmed its finding of aggravation factor C, fixed an initial parole consideration date of March 27, 1993, and reaffirmed its order of January 1993, deferring petitioner's parole consideration date until March 27, 1995.

■ Petitioner filed an amended petition for review and elected to proceed on his original brief. The relief to which petitioner would be entitled if he prevailed on any of the first six assignments of error is an earlier parole consideration date. Under our order of April 15, 1993, which limited review to issues other than the parole consideration date, we do not reach those issues. We turn now to the seventh assignment of error, that the board erroneously found, in its order of April 20, 1990, that petitioner's dangerous condition is not absent or in remission.

■    Petitioner alleges that the board obtained Dr. Crane's evaluation before the October 1988 hearing for purposes of refuting Dr. Weissert's evaluation, which was favorable to petitioner. Petitioner argues that the board was "doctor shopping" and that the board erred by refusing to accept Dr. Weissert's conclusion that petitioner's dangerous condition was in remission.[2] That claim is now moot because that finding has been superseded by the board's finding on January 20, 1993, based on the report of Dr. Davis, that petitioner's dangerous condition is not absent or in remission. *See State ex rel Juv. Dept. v. Holland,* 290 Or 765, 767, 625 P2d 1318 (1981) (case becomes moot when, because of a change in circumstances prior to the appellate decision, the decision would resolve merely an abstract question without practical effect).

Affirmed.

---

[2] The board reaffirmed its October 1988 finding, that petitioner's dangerous condition was not absent or in remission, in the April 1990 order, which it entered after the hearing on remand from *Meriweather II,* and from which this review originates.