Argued and submitted July 3, motion to strike *pro se* memorandum allowed; reversed and remanded August 28, 1996

KENT LEE MEADOWS,
*Appellant,*

*v.*

Robert SCHIEDLER,
Superintendent,
Santiam Correctional Institution,
*Respondent.*

(96C-10289; CA A91807)

924 P2d 314

David B. Kuhns argued the cause and filed the brief for appellant.

Christine Ann Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals the *sua sponte* dismissal of his petition for habeas corpus. We reverse.

Plaintiff was convicted of sexual abuse in the first degree and sodomy in the second degree and sentenced, in July 1993, to a period not to exceed five years on each conviction, to be served consecutive to each other. The Board of Parole and Post-Prison Supervision (Board) set a release date of August 21, 1995. In June 1995, Dr. Davis submitted a written report of his psychological evaluation of plaintiff. Davis concluded that he did not consider plaintiff to be "an imminent danger to the health and safety of others in the community[.]"

On July 18, 1995, relying on the 1993 version of ORS 144.125, the Board deferred plaintiff's parole release date for 24 months, until August 21, 1997. On administrative review of the Board's decision, Davis submitted a second clarifying report, again concluding that plaintiff was not currently a danger to the community, "providing that he has a well structured parole plan to include continuing sex offender treatment upon release." On review, the Board denied plaintiff's request for relief. There is no judicial review of that decision. ORS 144.335.[1] Plaintiff then filed this habeas corpus proceeding. The trial court dismissed the case on its own motion, stating in the judgment that "jurisdiction does not lie in

---

[1] Before 1993, ORS 144.335(1) authorized judicial review of the final order of the Board related to the "granting, revoking or discharging of parole[.]" In 1993, ORS 144.335(2)(e)(A) eliminated judicial review if the order postpones a prisoner's release date by two years or less. The 1995 amendments eliminated review of "any decision relating to a release date[.]" ORS 144.335(3); *see Shelby v. Board of Parole,* 140 Or App 102, 105-06, 915 P2d 414, *rev den* 324 Or 18 (1996). The 1993 version of ORS 144.335 applies here, because the Board issued the underlying order before the 1995 amendments took effect. Or Laws 1995, ch 108, § 4. The Board must apply the law retroactively. Or Laws 1993, ch 334, § 7.

The 1993 version of ORS 144.335(2) provided:

"Notwithstanding subsection (1) of this section, the board's order is final and is not subject to judicial review when the board:

"* * * * *

"(e) Postpones a prisoner's release date by two years or less because of:

"(A) A psychological diagnosis under ORS 144.125(3) of an emotional disturbance making the prisoner dangerous to the community[.]"

Habeas Corpus" and that plaintiff's petition "does not meet the minimum requirements to invoke habeas corpus jurisdiction."

Plaintiff argues that the trial court abused its discretion in dismissing his petition for habeas corpus. We review to determine whether, "when viewed most favorably to plaintiff, the pleadings and related inferences allege a legally sufficient claim." *Billings v. Gates*, 133 Or App 236, 239-40, 890 P2d 995 (1995), *aff'd on other grounds* 323 Or 167, 916 P2d 291 (1996). Plaintiff's petition alleged that he was sentenced on or about July 6, 1993, that he completed several programs while incarcerated, that he was examined by a psychologist who did not consider him a danger to the community so long as he was released with a structured parole plan including sex offender treatment and that the Board nevertheless deferred his release date under ORS 144.125, as amended in 1993.

Plaintiff's petition, thus, challenges the order of the Board extending his parole release date. Under *former* ORS 144.335(2)(e)(A), plaintiff could not obtain judicial review of that order, and, in *Shelby v. Board of Parole*, 140 Or App 102, 915 P2d 414, *rev den* 324 Or 18 (1996), we held that that denial of judicial review did not violate *ex post facto* principles or the separation of powers provision of the Oregon Constitution. Defendant acknowledges, however, that, although there is no direct judicial review of the Board's order, in an "appropriate case" the writ of habeas corpus is available.[2] Defendant does not agree that plaintiff's petition here shows that he is entitled to habeas corpus relief.

The writ of habeas corpus is guaranteed by Article I, section 23, of the Oregon Constitution and, from the beginning of statehood, has been provided by statute. *See Penrod/ Brown v. Cupp*, 283 Or 21, 581 P2d 934 (1978) (tracing historical development of habeas corpus in Oregon). Use of the writ has evolved beyond cases challenging the judgment of

---

[2] We have held that habeas corpus is not an available remedy for persons who neglected to seek appellate review when there was direct judicial review of orders of the Board. *Billings v. Maass*, 86 Or App 66, 68, 738 P2d 222 (1987); *Gordon v. Board of Parole*, 48 Or App 25, 615 P2d 1191 (1980).

conviction,[3] *Mueller v. Cupp*, 45 Or App 495, 497, 608 P2d 1203 (1980), and may be brought

> "(1) When a petition makes allegations which, if true, show that the prisoner, though validly in custody, is subjected to a further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court, and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod / Brown*, 283 Or at 28.

■ However, even though the writ has expanded to provide remedies in situations beyond those originally contemplated, the scope of the writ is not unlimited. The Oregon Supreme Court has stressed that a petition alleging a deprivation of rights must show *both* a need for immediate attention *and* the practical inadequacy of an alternative remedy, such as injunction or restraining order. *Gage v. Maass*, 306 Or 196, 204, 759 P2d 1049 (1988); *Sterling v. Cupp*, 290 Or 611, 630, 625 P2d 123 (1981).[4]

We conclude that plaintiff here has alleged a deprivation of his legal rights that requires immediate judicial scrutiny. He has alleged that his original release date of July 18, 1995, was changed by Board order to August 21, 1997, because the Board applied the 1993 version of ORS 144.125(3), and that the effect of that application violates his constitutional *ex post facto* rights. Neither injunction nor restraining orders provides the speed of judicial scrutiny required by plaintiff's claim of continued unlawful confinement. *See Bedell v. Scheidler*, 307 Or 562, 566, 770 P2d 909 (1989) (central characteristic of writ of habeas corpus is speed with which it triggers judicial scrutiny).

---

[3] When a deprivation involves a constitutionally protected right, either Oregon's Article I, section 10, or the Fourteenth Amendment to the United States Constitution obliges the state to provide some remedy in due course, or due process of law. *Penrod / Brown*, 283 Or at 26.

[4] We analyze the petition under the second category of cases described in *Penrod / Brown* because plaintiff made no allegation that his incarceration does not come within the terms of his original sentence. Rather, he alleges that his incarceration is continuing because of a violation of his legal right to protection from *ex post facto* legislation.

■ Defendant argues, however, that the trial court did not err in dismissing plaintiff's petition because applying the 1993 version of ORS 144.125(3) does not result in an *ex post facto* violation. The version of ORS 144.125(3) in effect when plaintiff committed his crimes provided:

> "If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

As amended by Oregon Laws 1993, chapter 334, section 1, ORS 144.125(3)(a) now provides:

> "If the board finds the prisoner has a mental or emotional disturbance, deficiency, condition or disorder predisposing the prisoner to the commission of a crime to a degree rendering the prisoner a danger to the health or safety of the community, the board may order the postponement of the scheduled parole release until a specified future date."

■ A statute that punishes as a crime an act previously committed that was innocent when done, which makes more burdensome the punishment for a crime after its commission or which deprives one charged with a crime of any defense available according to law when the act was committed, is prohibited by the *ex post facto* guarantee. *Collins v. Youngblood*, 497 US 37, 110 S Ct 2715, 111 L Ed 2d 30 (1990). The *ex post facto* provision of Article I, section 21, of the Oregon Constitution has been construed consistently with the federal provision. *State v. Wille*, 317 Or 487, 501-02, 858 P2d 128 (1993); *see also State v. Cookman*, 324 Or 19, 26-27, 920 P2d 1086 (1996). Plaintiff argues that the change in ORS 144.125(3) increases the burden of his punishment, because the amended statute has changed the parole release rules in a way "making it more difficult for prisoners to obtain parole": Now the Board may delay parole only on a finding of a mental or emotional disturbance or condition that "predisposes" the prisoner to commit a crime, whereas under the former provision the Board could delay parole only on a finding that the prisoner suffers from a "severe emotional disturbance."

Defendant argues that not every change in the law that has an adverse effect on an individual is an *ex post facto* violation, *see State v. Burke*, 109 Or App 7, 11, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992) (eliminating expunction for certain crimes), and that the issue here is whether application of the current law works a substantial disadvantage to prisoners in plaintiff's position. *See Dobbert v. Florida*, 432 US 282, 294, 97 S Ct 2290, 53 L Ed 2d 344 (1977) (for a law to be *ex post facto* it must be more onerous than the prior law); *Jenkins v. Board of Parole*, 125 Or App 87, 90, 864 P2d 1352 (1993), *rev den* 318 Or 351 (1994) (plaintiff must show that application of new law increased his possible punishment).

Defendant contends that comparing the two provisions shows that the 1993 law is not more onerous than the former law. Defendant argues that the 1993 amendments deleted the word "severe" and that, if that were the only change, the Board's authority to postpone a parole release date might have been increased, arguably violating *ex post facto* prohibitions. However, defendant contends, the amendment also added the new element that the Board must find that the prisoner's mental disturbance "predispos[es] the prisoner to the commission of a crime" before it can postpone a release date. That amendment, defendant argues, defeats plaintiff's *ex post facto* argument because it adds an "entirely new element" before the Board can postpone a release. Defendant argues that, because of the "predisposition" element, it cannot be said that the current statute makes it easier for the Board to increase an inmate's prison term, and, in fact, the new element makes the law less onerous because the Board must now find an "extra element" before postponing a release.

We are unable to concur in defendant's reasoning. The former version of ORS 144.125(3) authorized the Board to postpone release if there were a diagnosis of "present severe emotional disturbance" that constituted a danger. The 1993 version of ORS 144.125(3) authorizes the Board to postpone release if there is a "mental or emotional disturbance, deficiency, condition or disorder predisposing the prisoner to the commission of a crime[.]" That change does not add an element to the Board's findings. It alters the standard on

which the Board may postpone release. The Board now need only find a "predisposition" to crime, not a "severe emotional disturbance." On its face, the amended statute authorizes the Board to postpone release on a less restrictive showing than the previous version authorized. That less-restrictive standard is more onerous to a prisoner seeking parole than the previous standard.

The trial court erred in dismissing plaintiff's petition. Plaintiff alleged a violation of a constitutional right affecting him individually, *Bedell*, 307 Or at 566, that requires immediate judicial attention. However, because the trial court dismissed plaintiff's petition on its own motion, plaintiff's allegations that the Board did, in fact, apply the 1993 law to his case remain unproved, and the case must be remanded for hearing. *See Bedell*, 307 Or 562 (explaining habeas corpus procedure under ORS chapter 34); *Billings v. Gates*, 323 Or 167, 182 n 18, 916 P2d 291 (1996) (plaintiff has burden of proving his case by preponderance of evidence).

An issue remains, however, that will arise on remand if plaintiff meets his burden of demonstrating that the Board applied the 1993 statute. The purpose of the writ of habeas corpus is "to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."[5] ORS 34.310. However, under the circumstances here, even if the Board erred by applying the wrong version of ORS 144.125 in postponing his release, plaintiff acknowledges that the former version of ORS 144.125(3) applies. Under that version, a prisoner's release may be postponed on a finding of present severe emotional disturbance.

Plaintiff alleged that the "Board's decision is not supported by substantial evidence. The evidence presented clearly supported release." That allegation, in essence, asks the trial court itself to assess the record and evidence in the light of the former statutory standard and to order release. Habeas corpus is available to challenge the action of an

---

[5] One of the grounds providing for discharge of a prisoner is that

"[t]he original imprisonment was lawful, yet by some act, omission or event which has taken place afterwards, the party has become entitled to be discharged." ORS 34.610(2).

administrative body if it acts beyond its statutory powers. *Anderson v. Alexander*, 191 Or 409, 431, 229 P2d 633, 230 P2d 770 (1951). The action challenged by plaintiff here is the Board's application of the 1993 version of ORS 144.125(3). Whether the facts support a postponement under the former version of ORS 144.125(3)is a determination for the Board, not the habeas corpus court.[6]

In these circumstances, *Collins v. Foster*, 299 Or 90, 698 P2d 953 (1985), is instructive as to the remedy available if plaintiff meets his burden of proof. In *Collins*, the inmate, who had been accused of murder, brought an original writ of habeas corpus seeking release from the custody of the defendant, the Marion County Sheriff. Under applicable statutes, the inmate, who was indigent, could not be held more than 60 days after his arrest unless there were findings that the proof of murder was evident or the presumption strong that he was guilty. *Id.* at 92-93. The trial court had denied the inmate's motion for release unless he posted security in the amount of $100,000, but the trial court had not made the statutory findings on which to deny release. The Supreme Court held that the inmate was eligible for release on his own recognizance in the absence of those findings. *Id.* at 96. However, the court did not order the immediate release of the inmate. Instead, it ordered his release unless the trial court made the determination that the proof was evident or the presumption strong that the inmate was guilty of murder before the time that the court set for the inmate's release. *Id.* at 96-97.

The situation here is analogous. If plaintiff proves that the order postponing parole was made under the 1993 version of ORS 144.125(3)(a), the remedy will be to direct the Board to order plaintiff's release, unless it determines that, under the former version of ORS 144.125(3), plaintiff's parole should be postponed.

Defendant has moved to strike plaintiff's *pro se* memorandum filed in support of his brief. Plaintiff responds

---

[6] In so stating, we do not mean to imply that habeas corpus is not available to challenge a release decision by the Board that rests on *legally* insufficient evidence. Rather, it is not the habeas corpus court's function to engage in either an initial or subsequent *weighing* of evidence.

that he "was denied any opportunity to present his arguments" at court. Because of our disposition, he may now make any necessary remaining arguments to the trial court.[7] Defendant's motion is allowed.

Defendant's motion to strike plaintiff's *pro se* memorandum allowed; reversed and remanded.

---

[7] In his memorandum, plaintiff argues for the first time that the current version of ORS 144.125(3) is more onerous because the Board may now determine whether a prisoner suffers a mental disorder whereas the earlier version required diagnosis by a psychologist or psychiatrist. We have already determined that the new standard is more onerous and do not address that argument.