## ERNEST LEROY SMITH,
*Appellant,*

*v.*

## OREGON BOARD OF PAROLE;
Nicholas Armenakis,
Acting Superintendent,
Oregon State Penitentiary,
*Respondents.*

(94C-13504; CA A87269)

922 P2d 1276

David B. Kuhns filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Plaintiff appeals the dismissal of his petition for habeas corpus. We affirm.

Plaintiff filed an eight-page *pro se* petition on October 26, 1994, in which he asserted that he was "unlawfully imprisoned and restrained" because he had served in excess of the sentence imposed by law but had not been released because of various actions taken by the Board of Parole. Defendant filed a return on November 15 and, on December 13, moved to dismiss the petition, arguing that plaintiff had failed to establish a claim for habeas corpus relief because "plaintiff appears to be complaining about a Board decision made some years ago."[1] On January 9, 1995, plaintiff, who was then represented by counsel, filed a memorandum in opposition to the motion to dismiss. On January 27, "[b]ased on a review of all the pleadings, memoranda and arguments" the court signed a judgment granting defendant's motion.

On appeal, plaintiff argues that the Board erred in applying ORS 144.125(3) (1993) in postponing his release in violation of *ex post facto* protections. *See Meadows v. Schiedler*, 143 Or App 213, 924 P2d 314 (1996). Defendant argues that we should not grant plaintiff relief because plaintiff's "focus" has shifted on appeal. Defendant explains: Plaintiff's petition appeared to challenge a number of Board actions, some of which had been directly appealed, but, in this appeal, plaintiff challenges only the Board's order of November 4, 1994, which postponed his parole release date. However, that order was not issued until approximately 10 days after plaintiff filed his petition:

"Plaintiff's petition did complain about the existence of ORS 144.125(3), as amended in 1993. Plaintiff apparently thought that the 1993 amendments would be applied to him

---

[1] Defendant also argued that "plaintiff's sole remedy to challenge an order of the Board of Parole is by direct appeal[.]" Defendant is correct that, before passage of the current version of ORS 144.335, habeas corpus was not an available remedy for one who failed to seek judicial review of a Board of Parole order. *Billings v. Maass*, 86 Or App 66, 738 P2d 222 (1987). However, ORS 144.335 no longer provides for direct judicial review, *see Shelby v. Board of Parole*, 140 Or App 102, 915 P2d 414, *rev den* 324 Or 18 (1996), and habeas corpus relief is available in the appropriate case. *Meadows v. Schiedler*, 143 Or App 213, 924 P2d 314 (1996).

and that he would not be released. He was correct. However, he did not amend his petition or file a replication alleging new matter. Plaintiff should not be deemed to have challenged successfully a nonexistent board order[.]"

We agree with defendant. The trial court cannot be said to have erred when the order in which the Board applied ORS 144.125(3) was not before it. Plaintiff's response to the motion to dismiss argued that denial of habeas corpus relief would prevent his having a remedy "to correct the Board's error by overturning [his] minimum sentence and extending [his] parole-release date." He argued that he was entitled to be released in January 1995 "as a matter of law unless the board finds circumstances which authorize parole to be postponed." Plaintiff makes no argument as to why the court erred in dismissing his petition on the grounds that were presented to it, and we decline to address his argument under these circumstances.

Affirmed.