Submitted on record and briefs July 3, affirmed September 11, 1996

## EDWARD VAUGHN,
*Appellant,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(951227697M; CA A91453)

923 P2d 1315

Garrett A. Richardson filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephen L. Madkour, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

PER CURIAM

## PER CURIAM

Plaintiff sought habeas corpus relief, alleging that his "due process" rights were violated by an order of the Board of Parole and Post-Prison Supervision (Board) denying him parole. The trial court dismissed the petition. We find no error.

■■ Plaintiff's allegation that the Board relied on "faulty information" in the psychological report related only to collateral facts; he did not challenge facts reaching the substance of the report. His allegations that the Board discounted the weight of the evidence in his favor, failed to consider whether he could be controlled, and rejected his release plan are challenges to determinations within the discretion of the Board. It is unclear what plaintiff is alleging by his assertion that ORS 144.125(3)(a) does not provide "guidance" because it does not show what the Board "expects of plaintiff to qualify for release." The statute does provide a standard, and plaintiff did not allege that the Board applied the wrong version of ORS 144.125 to his case. *See Meadows v. Schiedler,* 143 Or App 213, 924 P2d 314 (1996). Even considering plaintiff's petition liberally, he failed to allege facts that showed that he is entitled to habeas corpus relief. *Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989).

Affirmed.