Argued and submitted November 20, 1998, motion to dismiss as moot granted
February 10, petition for review allowed July 20, 1999

GEORGE F. HAMEL,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-05-28-838-M; CA A100349)

974 P2d 260

Bob Pangburn argued the cause and filed the brief for appellant.

David Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Warren, P. J., concurring.

## EDMONDS, J.

Plaintiff appeals from a judgment dismissing a writ of habeas corpus. Defendant moves to dismiss the appeal as moot under our holding in *Jones v. Thompson,* 156 Or App 226, 968 P2d 380 (1998). After hearing oral arguments on the merits, taking the matter under advisement and requesting supplemental briefing, we grant defendant's motion.

The facts on which defendant relies are as follows: In 1991, plaintiff was convicted of two counts of first-degree sodomy, ORS 163.405, for which he received consecutive 10- and 20-year sentences in the custody of the Oregon Corrections Division. His parole release date was scheduled for May 29, 1997. On January 23, 1997, the parole board postponed plaintiff's scheduled release on parole until May 29, 1999.

On May 28, 1997, plaintiff filed a petition for a writ of habeas corpus with the Malheur County Circuit Court, alleging that the board's action violated state and federal *ex post facto* prohibitions. After a return and a replication were filed, defendant moved to dismiss the writ, and the trial court granted the motion. Plaintiff appealed and, while the appeal was pending, the board again postponed plaintiff's parole release date to May 31, 2001. As a result, defendant moves to dismiss plaintiff's appeal on the ground that any issue concerning the lawfulness of the January 23, 1997, order is moot because that order is no longer in effect.[1]

■ Plaintiff acknowledges that in *Jones* we held under similar facts that a petition for habeas corpus was moot when the plaintiff sought release pursuant to an order that was no longer in effect. However, he argues that we should modify or overrule *Jones* because our holding permits the Board to evade judicial review of a previous order by issuing a new order postponing release on parole and that the board's

---

[1] At the heart of plaintiff's arguments on appeal is the assertion that, despite his best efforts to seek appellate review in a timely fashion, his appeal has been frustrated by the board's subsequent postponement of his release date. In support of that assertion, he points out that this matter was heard in the trial court in September 1997, the trial court entered judgment on January 20, 1998, he appealed on February 2, 1998, and the case was argued to this court on November 20, 1998. Subsequently, the time for supplemental briefs was extended to January 4, 1999.

authority to defer release is conditioned on a required finding of a severe emotional disturbance at or near the time of the inmate's scheduled release. He also asserts that we reasoned incorrectly in *Jones* that a parole release order for a 24-month period is moot when it is followed by another 24-month extension if the time covered by the first order has not yet expired.

■     In *Jones*, the order that prompted the plaintiff's petition for habeas corpus relief postponed a release date in 1994. A subsequent order postponed his release until 1998. We held that, under the circumstances, any decision about the legality of the postponement in 1994 could have no practical effect in light of the effect of the subsequent order. We pointed out that release on parole does not negate a sentence but constitutes an alternative means of serving the sentence. Our holding was based on the language of ORS chapter 144 and the understanding that there is no constitutional right to early release on parole before the expiration of a sentence. *Greenholtz v. Nebraska Penal Inmates*, 442 US 1, 99 S Ct 2100, 60 L Ed 2d 668 (1979); *Beveridge v. Johnson*, 157 Or App 57, 967 P2d 1238 (1998).[2] Moreover, as the record in this case illustrates, there is judicial review of such orders available in the circuit court. Plaintiff's argument that our decision in *Jones* permits the board to avoid *appellate review* is thus a policy argument that can only be addressed to the legislature, because the result about which he complains is a product of the statutes enacted by that body.[3]

---

[2] Plaintiff cites the case of *Plumb v. Prinslow*, 847 F Supp 1509 (D Or 1994), for the proposition that there is a constitutionally protected liberty interest in release on parole before the expiration of a sentence. We are not persuaded. *Plumb* holds that "[a] state creates a protected liberty interest by placing substantive limitations on official discretion." 847 F Supp at 1516. One such limitation is by mandating a particular outcome by statute or rule that affects an inmate's release date. In *Plumb*, the statute in issue required a credit for time served in a county jail after arrest against the prison term imposed. Because the plaintiff had an absolute right to the credits, he could not be deprived of them merely because the state's employees failed timely to perform their duties. In this case, the pertinent statutes, as we explained in *Jones*, vest the parole board with discretion to reconsider a parole release date. No absolute right to early release exists.

[3] Whether judicial review of parole board orders extending parole release dates is effectively abrogated by the statutory authority of the board to extend release dates was implicitly decided by our decision in *Jones*. Although we are not without sympathy for plaintiff's contention that he has been effectively denied appellate review by the delay in processing his appeal, the legislature has enacted a scheme

■     In his second argument, plaintiff contends that, "the Board's only statutory authority to defer release is premised upon a finding that the prisoner is suffering from a *present* severe emotional disturbance at or near the time of his scheduled release." (Emphasis in original.) He argues that such a finding was not made. Although his argument is not responsive to the state's motion to dismiss for mootness, we will consider it because of our ultimate disposition of this appeal. At the time that plaintiff committed his crimes, ORS 144.125(3) provided:

> "If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

The short answer to plaintiff's argument is that the statute does not impose a temporal requirement that the emotional disturbance exist at or near the time of the scheduled release date that is postponed. Rather, it requires only that a severe emotional disturbance be "present" at the time of the diagnosis. We have no authority to rewrite the statute to say otherwise. ORS 174.010.

Plaintiff's third argument, first raised at oral argument, prompted our request for supplemental briefing in this case. He argues that the parole board's orders postponing parole release dates are for discrete 24-month periods, and, therefore, more than one order could be in effect at the same time rather than a newer order superseding an older order as we reasoned in *Jones*. Thus, he argues that the order postponing his release until May 29, 1999, is still in effect until that date; it follows that the purportedly illegal order is not moot. Under his argument, the latest order would not take effect until May 30, 1999. The state counters that when the

---

that permits plaintiff and others in his position to obtain more immediate judicial review of parole release date extensions in circuit court through habeas corpus. Plaintiff's complaint in this case is not peculiar to judicial review of parole board orders. The nature of a habeas corpus remedy connotes immediate discharge from custody if a plaintiff prevails in the trial court. If a plaintiff does not prevail, the appellate review of that decision necessarily entails delay and the possibility of mootness, regardless of the underlying authority for the custody of the plaintiff.

Board issued its order establishing a May 29, 1999, projected release date, "it did nothing more than inform plaintiff that this would be the first possible date for release on parole."

█ We need not decide whether plaintiff's interpretation of the board's orders is correct, because his petition is still moot even if we adopt his construction. In *Jones,* we said:

> "At most, the unlawfulness of a parole release order requires the board to reconsider the date it has set for release. It does not *ipso facto* reinstate the earlier release order or affect the authority of [the Department of Corrections], a different agency, to hold the inmate in custody pursuant to a lawful sentence that has yet to be completed." 156 Or App at 232.

██ A holding that the order deferring plaintiff's release on parole until May 29, 1999, is unlawful would not entitle plaintiff to be released on parole. A majority of this court rejected a similar argument in *Jones* that ORS 144.245(1) mandated release under the circumstances. As we pointed out in *Jones,* the lawfulness of plaintiff's custodial status is derived from the authority granted to defendant custodian by the sentences and not because of any action by the parole board. A release on parole is required "when the superintendent has in hand an order from the parole board that establishes a particular date for release and the date for release arrives." *Jones*, 156 Or App at 232. At most, plaintiff would be entitled only to a reconsideration for release on parole. The reconsideration of plaintiff's custodial status already occurred in this case when plaintiff's next scheduled parole release date was extended to May 31, 2001, while his appeal was pending. Consequently, the state's argument that plaintiff's petition is moot is correct. The habeas corpus relief that plaintiff seeks from the January 23, 1997, order postponing his release on parole is not available; to consider his petition further would require us to resolve an abstract question without practical effect.

Motion to dismiss as moot granted.

**WARREN, P. J.,** concurring.

I concur because the decision in this case properly applies the reasoning of the opinion of the majority in *Jones*

*v. Thompson*, 156 Or App 226, 968 P2d 380 (1998), to these facts. I continue to believe that the views that I expressed in my dissent in *Jones*, 156 Or App at 233 (Warren J., dissenting), and in *Payton v. Thompson*, 156 Or App 217, 222, 968 P2d 388 (1998) (Warren, J., dissenting), are correct, a view that the opinion in this case simply reinforces.

Armstrong, J., joins in this concurrence.