**Thomas W. SWEARENGEN,**
**Petitioner–Appellant,**

v.

**Jean HILL, Superintendant,**
**Respondent–Appellee.**

No. 00–35409.

D.C. No. CV–99–00961–BR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided May 24, 2001.

Before GOODWIN, GREENBERG * and RAWLINSON, Circuit Judges.

MEMORANDUM **

Thomas W. Swearengen ("Petitioner"), an Oregon state prisoner, appeals the district court's order denying his 28 U.S.C. § 2254 habeas petition challenging the Oregon Parole Board's ("the Board") delay of his parole. Based on a psychologist's report that Petitioner was not a good candidate for parole, the Board postponed Petitioner's release date in 1996. Petitioner filed a habeas petition in state court, which was denied, and Petitioner appealed. While his appeal was pending, the Board again postponed Petitioner's release date. Petitioner alleges that the Board applied Or.Rev.Stat. 144.125(3) as amended in 1993, rather than the statute as it existed at the time he committed his offenses in 1987.

The Oregon Court of Appeals dismissed Petitioner's appeal on the grounds of mootness, reasoning that because the Board had again postponed Petitioner's release date in 1997, the order upon which Petitioner's habeas petition was based, had been superseded.[1] *See Swearengen v. Baldwin,* 158 Or.App. 346, 974 P.2d 264 (1999). The Oregon Supreme Court denied review on March 23, 1999 and Petitioner filed his federal habeas petition in the District Court of Oregon on July 6, 1999.

On March 28, 2000, the district court dismissed Petitioner's habeas petition, agreeing that the petition was moot. The district court also held that even if the petition was not moot, Petitioner's claims lacked merit because he was not disadvantaged by any retroactive application of the statute. Petitioner timely filed his notice of appeal to this court.

Subsequent to the district court's opinion in this case, the Oregon Supreme Court issued its opinion in *Hamel v. Johnson,* 330 Or. 180, 998 P.2d 661 (2000). The court held that an inmate's challenge to a previous order denying parole was not rendered moot by a subsequent order denying parole, because if the previous order was invalid, the inmate's continued confinement

---

* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The court of appeals dismissed the petition relying on *Hamel v. Johnson,* 158 Or.App. 276, 974 P.2d 260 (1999), *rev'd Hamel v. Johnson,* 330 Or. 180, 998 P.2d 661 (2000) and *Jones v. Thompson,* 156 Or.App. 226, 968 P.2d 380 (1998). In both cases, the Oregon Court of Appeals dismissed habeas petitions as moot when orders postponing scheduled parole release dates were superseded by subsequent orders extending release dates.

was unlawful. *See id.* at 666. The court reversed the court of appeal's dismissal of the writ and remanded for further proceedings.

Respondent filed a motion to recall the appellate judgment, requesting that the Oregon Supreme Court reconsider its order denying review of Petitioner's appeal. Respondent contended that pursuant to the Oregon Supreme Court's decision in *Hamel,* 330 Or. 180, 998 P.2d 661 (2000), Petitioner's appeal was not moot and should be reinstated. However, Petitioner opposed the motion to recall the appellate judgment on October 24, 2000, and asserted that the motion should be denied, in part, because Respondent waited over 14 months before seeking to have the case recalled. The Oregon Supreme Court denied the motion to recall the appellate judgment.

By opposing Respondent's motion, Petitioner failed to avail himself of an extant remedy in state court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (holding "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court [and] . . . give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Because Petitioner has failed to exhaust all available state remedies, his federal habeas petition may not be granted. *See* 28 U.S.C. § 2254(b)(1).

We AFFIRM the district court's dismissal of Petitioner's habeas petition. Respondent's motion to dismiss is DENIED as moot.

AFFIRMED.