Argued and submitted June 19, affirmed November 14, 2001, petition for review denied March 26, 2002 (333 Or 595)

## ERIC V. SHELBY,
*Appellant,*

*v.*

## Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

99C-14836; A107945

35 P3d 1094

Jay Edwards argued the cause and filed the brief for appellant.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent. With her on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

The Board of Parole and Post-Prison Supervision deferred petitioner's scheduled parole release date after finding that he suffered from a "present severe emotional disturbance such as to constitute a danger to the health and safety of the community." *See* ORS 144.125(3) (1983). Petitioner filed a petition for habeas corpus relief, the trial court dismissed it, and petitioner now appeals. We affirm.

Petitioner was convicted of multiple crimes in 1985. He was sentenced to five concurrent sentences with the longest sentence being 20 years. He began serving those sentences in 1990 after he completed sentences on two earlier crimes. While in prison, petitioner was convicted of two more crimes. In 1991, he was convicted of assault and was given an 18-month sentence to be served consecutively to his 1985 sentences. In 1998, he was convicted of supplying contraband and received a 15-month sentence to be served consecutively to his earlier sentences.

Petitioner was scheduled to be released on his 1985 sentences on July 13, 1999.[1] Before that release date, a psychologist evaluated him. The psychologist determined that petitioner suffered from an antisocial personality disorder with dependent and narcissistic features. Based on that evaluation and other information that it received, the Board found that petitioner suffered from a "present severe emotional disturbance such as to constitute a danger to the health and safety of the community." The Board deferred petitioner's release date on the 1985 sentences for 24 months, giving him a projected release date on those sentences of July 13, 2001.

Petitioner filed a petition for a writ of habeas corpus, which the trial court dismissed. On appeal, petitioner does not dispute that the evidence is sufficient to support the Board's order deferring his parole. Rather, he argues that the

---

[1] Petitioner had had an earlier release date in 1995, but the Board deferred that release date two years resulting in a scheduled release date in 1997. Similarly, in 1997, the Board again extended his 1997 release date two more years for a scheduled release date of July 13, 1999.

Board can defer his parole only if he is about to be released into the community. Petitioner argues that, because he would not be released immediately into the community, the Board had no statutory authority to defer his release on the 1985 sentences.[2] Defendant responds that the statute requires only that a severe emotional disturbance that makes petitioner dangerous be present at the time of the diagnosis. It does not require that either the release or the danger to the community be imminent.

ORS 144.125(3) (1983) governs the Board's authority to defer petitioner's release date. It provides:

> "If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

By its terms, the inquiry that the statute directs the Board to make focuses on the prisoner's mental state at the time of the diagnosis. *Hamel v. Johnson*, 158 Or App 276, 280, 974 P2d 260 (1999), *rev'd on other grounds* 330 Or 180, 998 P2d 661 (2000). The "statute does not impose a temporal requirement that the emotional disturbance exist at or near the time of the scheduled release date[.]" *Id.* If the evidence reveals that the prisoner has a severe emotional disturbance that makes him or her dangerous, the inquiry that the statute directs the Board to make is complete. The Board may postpone the prisoner's release date.

Nothing in the language of the statute requires the Board also to find, as petitioner argues, that the prisoner is about to be released into the community. Rather, the statute contemplates action by the Board once there is a scheduled parole release date. While a scheduled parole release date may in many cases involve prisoners being immediately released into the community, the statute is not limited to those cases. It applies with equal force to someone who has a

---

[2] Petitioner raises additional arguments both in the brief that his counsel filed and in a supplemental brief that he filed. We have considered those arguments and reject them without discussion.

scheduled parole release date and who, when released on the current sentence, may have other sentences that he or she must serve.

■ Although petitioner questions the wisdom of deferring a release date when there is no risk that a prisoner will actually be released into the community, we are limited to the text of the statute and cannot insert language into the statute that the legislature has omitted.[3] *Deschutes Cty. Sheriff's Assn. v. Deschutes Cty.*, 169 Or App 445, 453, 9 P3d 742 (2000), *rev den* 332 Or 137 (2001). In this case, petitioner had a scheduled parole release date. The Board found that he had a present severe emotional disturbance that constituted a danger to the health and safety of the community. Accordingly, the Board acted within the limits of ORS 144.125(3) (1983) when it deferred petitioner's parole release date 24 months.

Affirmed.

---

[3] We also note that the assumption that underlies petitioner's argument is not well founded. The legislature reasonably could conclude that a person who is a danger at the time of the diagnosis should continue to serve his or her sentence even if immediate release into the community is not a possibility.